(No. 34148.—

Frank J. Hruby, Appellee, *vs.* Chicago Transit Authority, Appellant.

*Opinion filed March 20, 1957—Rehearing denied May 20, 1957.*

DAILY and BRISTOW, JJ., dissenting.

THOMAS C. STRACHAN, JR., DONALD J. O'BRIEN, MICHAEL A. GERRARD, and JAMES E. HASTINGS, all of Chicago, for appellant.

LOUIS G. DAVIDSON, and LOUIS P. MILLER, both of Chicago, for appellee.

MR. JUSTICE HERSHEY delivered the opinion of the court:

The issue on this appeal from the superior court of Cook County is whether the defendant, Chicago Transit Authority, is obliged to answer written interrogatories submitted by the plaintiff requesting "the names and addresses of all persons in possession of defendant who were occurrence witnesses" and "the names and addresses of all persons in possession of defendant who witnessed plaintiff's injured condition subsequent to the accident until he was removed to the hospital."

The defendant refused to answer the interrogatories. As a result, the court adjudged it guilty of contempt and assessed a $100 fine.

The appeal is taken directly to this court on the theory that a constitutional question is involved.

This is the second time that this general problem has come before us. In *Krupp v. Chicago Transit Authority*, 8 Ill.2d 37, we upheld the plaintiff's right to the requested information. This was predicated upon a finding that the scope of discovery under the provisions of the Civil Prac-

tice Act, as then in force, permitted a party to ascertain, by written interrogatories, the names of those persons who had first-hand knowledge of the occurrence. After noting that this was broader than that historically available in equity, we said at page 41: "By its enactment of section 58(2) the General Assembly showed its purpose to broaden substantially the scope of available discovery. It acted in response to prevailing dissatisfaction with procedural doctrines which had exalted the role of a trial as a battle of wits and subordinated its function as a means of ascertaining the truth."

However, the General Assembly amended section 58 of the Civil Practice Act in 1955, adding the following: "A party shall not be required to furnish the names or addresses of his witnesses." (Ill. Rev. Stat., 1955, chap. 110, par. 58). The defendant asserts that this provision excuses it from complying with interrogatories of the type here considered, and further contends that Rules 19—11 and 19—4 of this court are invalid to the extent that they are inconsistent with the statute. Rule 19—11 provides, in part, as follows: "(1) Service of Interrogatories. Any party may serve upon any adverse party written interrogatories to be answered by the party served or, if the party served is a public or private corporation or a partnership or association, by any officer, partner or agent * * * (4) Scope and Use. Interrogatories may relate to any matters which might be inquired into by deposition." And Rule 19—4 reads: "(1) Discovery Depositions. Upon a discovery deposition, the deponent may be examined regarding any matter, not privileged, relating to the merits of the matter in litigation, whether it relates to the claim or defense of the examining party or of any other party, including the existence, description, nature, custody, condition and location of any documents or tangible things and the identity and location of persons having knowledge of relevant facts." Ill. Rev. Stat., 1955, chap. 110, pars. 101.19—11, 101.19—4.

The rules are not inconsistent with the statute. For, as we observed in the *Krupp case,* at page 39, "The interrogatories use the term 'witness' in the primary sense of those who have personal knowledge of the event and not in the technical sense of those who are to be called to testify at the trial. *The distinction is that which was drawn by this court in drafting the present Rule 19—4. (Compare Ill. Rev. Stat. 1955, chap. 110, par. 58, with par. 101.19—4)."* (Emphasis added.) So interpreted, the statute protects a party from being compelled to identify the witnesses he intends to use at the trial (*i.e.,* witnesses in the technical sense), but does not preclude discovery regarding so-called "occurrence witnesses" (or "persons having knowledge of relevant facts," as stated in Rule 19—4).

Accordingly, the defendant's claim of unconstitutionality fails. The statute and the rules are not conflicting, and it is unnecessary to determine what the result would be in the event of such a conflict.

The defendant also seeks to justify its refusal on the ground that the names and addresses are a part of "the work product" of its lawyer, and known only through "memoranda, reports or documents made for defendant in preparation for trial" which are exempt from discovery under Supreme Court Rule 19—5. Ill. Rev. Stat., 1955, chap. 110, par. 101.19—5.

The evidence shows that after the accident forming the basis of the instant suit occurred, the conductor passed out "courtesy cards" on which the occupants of the streetcar were asked to write their names and addresses. These cards were then forwarded to the defendant's investigation department. This procedure was routine, it being carried out after every accident pursuant to standing orders of the company.

The privilege conferred by Rule 19—5 as to "Disclosure of memoranda reports or documents made by or for a party in preparation for trial" is not applicable on these facts.

The plaintiff is not seeking any statements of witnesses or reports compiled by the defendant. Rather, he merely asks for the names and addresses of those members of the traveling public who out of "courtesy" gave them to the defendant's conductor, before any lawyers had entered the case or any litigation was contemplated. He did not ask for a lawyer's "work product," (see *Krupp* v. *Chicago Transit Authority*, 8 Ill.2d 37, 39), and in the light of both the letter and objectives of our discovery provisions, Rule 19—5 cannot be stretched to encompass this situation.

The judgment of the superior court of Cook County is affirmed.

*Judgment affirmed.*

DAILY and BRISTOW, JJ., dissenting.