**Village of Park Forest, a Municipal Corporation, Plaintiff-Appellant, v. Vivian L. Nicklas, Defendant-Appellee.**

**Gen. No. M–51,470.**

First District, Fourth Division.

December 4, 1968.

Richard W. Hall and Henry X. Dietch, of Park Forest, for appellant.

Professor James R. Thompson, Northwestern University School of Law, of Chicago, amicus curiae.

MR. JUSTICE DRUCKER delivered the opinion of the court.

This is an appeal from an order quashing a complaint which sought to charge defendant with a violation of a municipal ordinance. Defendant did not appear in this court but, on motion of the Village, James R. Thompson was appointed amicus curiae and he filed a brief which ably presents the case for defendant and supports the judgment of the trial court. The Village contends that the complaint was sufficient in law and that the court erred in quashing it and dismissing the defendant.

On February 28, 1966, at 8:45 p. m. a traffic ticket was issued to defendant. The form of the ticket is devised so that it can be utilized by prosecuting authorities for all traffic offenses under the Uniform Act Regulating Traffic on Highways, the Illinois Vehicle Law (Ill Rev Stats 1965, c 95½) and for violations of municipal ordinances. This is accomplished by providing small squares which are marked by the officer when applicable. After its issuance and filing, the ticket becomes the complaint in court.

The complaint in the instant case stated that Vivian L. Nicklas of 954 Park Drive, Kankakee, on February 28, 1966, at 8:45 p. m. did drive and operate a motor vehicle on Sauk Trail near 322 Sauk Trail within the Village of Park Forest and did then violate section 77.305(B) of Ordinance 309 of the Village of Park Forest as amended by Ordinance 440 by "Careless Driving (Accident)." [1] The complaint under a subheading "Leading Causes of Accidents" has a marked square reading "too fast for conditions." Under an adjoining subheading "Conditions that increased seriousness of violation" the marked squares show that traffic was "medium," that the road had snow on it, that the accident was "head on," that there was property damage and that the accident happened in a residential area.

After denying a motion to strike the complaint, the trial judge heard the testimony presented by the Village. The court then denied defendant's motion for a directed verdict but allowed the defendant's motion to quash the complaint. The Village appealed.

OPINION

In City of Chicago v. Lewis, 28 Ill App2d 189, 191, 194–195, 171 NE2d 70 (1960), the court thoroughly dis-

---

[1] Section 77.305(B): "No person shall operate any vehicle in a careless or negligent manner so as to endanger life or property."

cussed the rules of pleading in cases involving municipal ordinance violations and stated:

> Under the law of Illinois, a suit to recover a penalty for violation of a city ordinance is governed by the rules of pleading and the laws relating to civil practice, and not by the rules and laws applicable to criminal proceedings. City of Decatur v. Chasteen, 19 Ill2d 204, 216, 166 NE2d 29; Village of Maywood v. Houston, 10 Ill2d 117, 139 NE2d 233; City of Chicago v. Williams, 254 Ill 360, 98 NE 666; City of Chicago v. Dryier, 325 Ill App 258, 59 NE2d 700 (abst opinion); City of Chicago v. Baranov, 189 Ill App 25.

> . . . . . .

> There is room for improvement, no doubt, but it would be of questionable wisdom to subject prosecutions for violation of city ordinances to the rigid technical requirements of pleading in criminal cases. It would be no boon to defendants and would only add to the problems that now confront the courts in the disposition of these cases.

Under these standards the instant complaint sufficiently stated a cause of action and adequately informed defendant of the nature of the offense. See also City of Chicago v. Berg, 48 Ill App2d 251, 199 NE2d 49 (1964).

Defendant argues that these cases are not applicable because section 102–15 of the Code of Criminal Procedure of 1963 (Ill Rev Stats, c 38, § 102–15) defines an offense under that Code as any "violation of any penal statute of this State or of any penal ordinance of its political subdivision" and that therefore a complaint must comply with section 111–3(a) of that Code. That section provides that:

> . . . a charge shall be in writing and allege the commission of an offense by: (1) stating the name

of the offense; (2) citing the statutory provision alleged to have been violated; (3) setting forth the nature and elements of the offense charged; (4) stating the date and county of the offense as definitely as can be done; (5) stating the name of the accused. (Ill Rev Stats, c 38, § 111–3 (a) (1967).)

Defendant insists that the complaint does not meet the requirement of "setting forth the nature and elements of the offense charged." In the recent case of People v. Tammen, 40 Ill2d 76, 77–79, 237 NE2d 517, the court in answering defendant's argument that his constitutional right to be informed of the nature and cause of the accusation had been violated and that the complaint failed to meet the requirements of section 111–3 of the Code of Criminal Procedure of 1963 stated:

The constitutional right of a defendant to know the nature and cause of the accusation means that the offense charged be set forth with all necessary certainty so that defendant will be able to intelligently prepare his defense and to prevent his being tried a second time for the same offense after being once put in jeopardy. (People v. Griffin, 36 Ill2d 430; People v. Peters, 10 Ill2d 577.) The modern trend is to do away with technicalities of pleading and stress simplicity which does not detract from clarity in order that the accused will understand the charge against him.

. . . . . .

The traffic ticket issued to defendant was in writing and did allege the commission of an offense by naming the offense, citing a statutory provision, stating the time and place of the offense with certainty and stating the name of the accused. The ticket which was issued was in the form of the "Illinois Uniform Traffic Ticket and Complaint" and

103

does not set forth the nature and elements of the offense of "drag racing." Since the Uniform Traffic Ticket provides no space for setting forth the nature and elements of the offense charged, the common practice is to merely charge the offense by name and citation.

Inasmuch as the Uniform Traffic Ticket is only used for misdemeanors, is written by an arresting officer rather than a State's Attorney and is generally written at the time the offense is committed, we believe that naming the offense and citing it is sufficient and will generally be understood by the person charged.

Defendant points out that People v. Tammen, supra, deals with a charge of drag racing which is specifically defined in the statute [2] while People v. Green, 368 Ill 242, 13 NE2d 278, relates to a charge of reckless driving and requires a factual description of the particular activity; that since reckless driving can be equated with careless driving, the instant complaint, on the authority of the Green case, is insufficient. In finding the information in Green lacking in particulars necessary to apprise the defendant of the nature of the charge the court stated at page 254:

The information in the present case did not allege a single fact and there was nothing in it from which the defendant could tell definitely, or even guess, what acts he may have been charged with. It might

---

[2] Ill Rev Stats, 1967, c 95½, § 145.1:

For the purpose of this Section "drag racing" means the act of 2 or more individuals competing or racing on any street or highway in this State in a situation in which one of the motor vehicles is beside or to the rear of a motor vehicle operated by a competing driver and the one driver attempts to prevent the competing driver from passing or overtaking him, either by acceleration or maneuver, or one or more individuals competing in a race against time on any street or highway in this State.

have been driving while intoxicated, or running through a stop-light, or driving at an excessive speed or without brakes, lights or horn; he may have been driving on the wrong side of the road or on the sidewalk, or without keeping proper lookout for children, or any one of dozens of things which might constitute wilful and wanton disregard for the safety of persons or property. Neither does it specify where the offense took place, as it might have been on any street or highway in the whole of Chicago, and it might have taken place on any date within eighteen months prior to the filing of the information. All that appears in this information is that in the opinion of the person who wrote it and the person who signed it, the defendant had been guilty of driving a vehicle with wilful and wanton disregard for the safety of persons or property. It thus fails to meet either of the two basic requirements of an information. It does not give defendant enough information to prepare his defense and it is not sufficiently definite to be of any value as a bar to further prosecution.

We believe the later pronouncement of our Supreme Court in Tammen must be applied where appropriate, as it is not in essential disagreement with Green, and yet is based on a rationale that recognizes the exigencies of dealing with over one and one-half million traffic tickets a year. Surely in the instant case the defendant was informed by the complaint as to where and when the careless driving took place, that the road had snow on it, that traffic was "medium" in a residential area, that defendant was driving "too fast for conditions" and that a head-on collision occurred causing property damage. We believe that even if we were to apply the requirements of section 111–3(a) of the Code of Criminal Procedure the complaint sufficiently apprised defendant of the nature and cause of the accusation and enabled her to intelli-

gently prepare her defense, and would prevent her from being tried a second time for the same offense. See People v. Raby, 40 Ill2d 392, 240 NE2d 595.

However, we cannot conclude that section 111-3(a) of the Code of Criminal Procedure applies to ordinance violations. It is undisputed that a complaint charging a municipal ordinance violation must allege that the offense was committed within the confines of that municipality. Laying of venue in the county is not sufficient, whereas the Code requirement would be met by stating the "county of the offense," thus demonstrating that section 111-3(a) is not applicable to ordinance violations. In consequence, the rules of pleading in force prior to the adoption of the Code still govern. We might point out that under the title "Charging an Offense" [which includes section 111-3(a)] other sections of the Code of Criminal Procedure clearly relate only to criminal prosecutions by the State and not to ordinance violations.[3] In Village of Park Forest v. Bragg, 38 Ill2d 225, 229, 230 NE2d 868, in discussing Supreme Court Rule 604 which enumerates the decisions from which "the State" may appeal in criminal cases, the court stated:

---

[3] Ill Rev Stats, 1965, c 38, § 111:

§ 111.2. Pertains to prosecution of felonies.

§ 111.3. Has language pertaining to grand jury and signing of informations by State's Attorney.

§ 111.4. Language pertaining to joining separate counts *charging felonies* with counts *charging misdemeanors*.

§ 111.5. Provides for amendment of indictment, information or complaint on motion by the *State's Attorney*.

§ 111.6. Provisions of bill of particulars by *State's Attorney* and limiting of State's evidence.

See also: § 114.4. Motion for continuance by a defendant or the *State*.

§ 114.6. Change of Place of Trial (County).

§ 114.8. Severance—prejudice to defendant or *State*.

§ 114.9. *State* to furnish list of witnesses.

§ 114.10. *State* to furnish written confession.

(Emphasis supplied.)

[T]he term "State" would not ordinarily be considered as applying both to the State itself and to its political subdivisions . . . .

In a recent case, People v. Stout, 41 Ill2d 292, 242 NE2d 264, the court held that a prosecution to recover a penalty for violation of a city ordinance is not a "criminal proceeding" and that section 9 of article II of the Constitution of the State of Illinois[4] is not applicable thereto. We note that in section 100–2 of the Code of Criminal Procedure (Ill Rev Stats 1965, c 38, § 100–2) the scope of the Code is set out as follows:

These provisions shall govern the procedure in the courts of Illinois in all *criminal proceedings* except where provision for a different procedure is specifically provided by law. (Emphasis supplied.)

In City of Chicago v. Williams, 254 Ill 360, 98 NE 666, and City of Chicago v. Terminiello, 400 Ill 23, 79 NE2d 38, (both cited in Stout) ordinance violation cases were characterized as civil suits.

■■ We therefore find that in determining the sufficiency of a complaint charging a violation of a municipal ordinance the rules of civil procedure apply and that in the instant case the complaint states a cause of action and adequately apprises defendant of the nature and cause of the accusation.

The judgment quashing the complaint and dismissing the charge is reversed and the cause is remanded for further proceedings.

Reversed and remanded.

McCORMICK, P. J. and ENGLISH, J., concur.

---

[4] This section in relevant part states: "In all criminal prosecutions the accused shall have the right . . . to demand the nature and cause of the accusation . . . ."