**City of Chicago, a Municipal Corporation, Plaintiff-Appellee, v. Bernadine Harmon, Defendant-Appellant.**

Gen. No. 52,433.

First District, First Division.
December 8, 1969.
Rehearing denied January 16, 1970.

Ron W. Fritsch, of Chicago, for appellant.

Raymond F. Simon, Corporation Counsel of City of Chicago (Marvin E. Aspen and Edmund Hatfield, Assistant Corporation Counsel, of counsel), for appellee.

MR. PRESIDING JUSTICE ADESKO delivered the opinion of the court.

This cause was transferred on November 22, 1967, to the Illinois Supreme Court on motion of the appellee due to the constitutional questions involved. After we granted the request, the Supreme Court reassigned the matter for our consideration on December 4, 1968.

The defendant has appealed the denial of her motion for a new trial after her conviction for violation of the disorderly conduct provision of the Municipal Code of the City of Chicago, chapter 193, section 1. The facts show that on February 9, 1967, at 11:00 a. m., the defendant was arrested by police officers and taken to the Fillmore Street Police Station. She was in custody for about one hour at that location and was subsequently transported to the womens' lockup at 11th and State Streets in Chicago. The defendant remained in custody until 2:00 p. m. on February 10, 1967, when she was brought to trial.

At the hearing on her motion for a new trial, the defendant claimed that on several occasions while at the Fillmore and Central Police stations she was denied a request to make a phone call while making said request to a number of police officials. When her case was called for trial in Women's Court, the defendant answered ready for trial, waived a jury, and conducted her own defense. The complainant and another witness testified for the City but the defendant did not cross-examine them. The defendant denied the charge and the court found her guilty. Miss Harmon then offered to prove that she was not at the scene of the alleged occurrence and stated that if given time she could prove that she was working at another location on the date and time in question. The court stated it was too late, and imposed

a fine of twenty-five dollars. Since defendant was without adequate funds, she was sentenced to the House of Correction to satisfy her fine at the rate of Five Dollars a day. Defendant's relatives learned of her arrest, trial and detention on February 12, 1967, whereupon her uncle paid the remainder of her fine and defendant was released.

On this appeal, the defendant contends she was denied a fair trial and due process of law because of the period of detention, from arrest to trial, without being afforded the opportunity to communicate during this time. Defendant contends that this amounted to unreasonable incommunicado detention which unnecessarily restricted her right to prepare a defense. The appellant refers to section 103-3 of the Criminal Code which provides that persons arrested have the right to communicate with an attorney and a member of one's family within a reasonable time after arrival at the first place of custody, with a renewal of this right if one is transferred to a new place of custody. Chapter 38, section 103-3, Ill Rev Stats (1967). The defendant initially relies upon the above statutory expression but asserts that the right of one who is in custody to communicate is not based on the statute alone. Rather, the defendant asserts that the right is also guaranteed by the due process clauses of the Federal and State constitutions.

The City answers these contentions by citation to several cases which establish that several provisions of the Criminal Code are not applicable to proceedings for the enforcement of a violation of a municipal ordinance. Thus, in City of Chicago v. Joyce, 38 Ill2d 368, 232 NE2d 289 (1967), the Supreme Court established that municipal code violations need not be established by proof beyond a reasonable doubt, as would be required in criminal cases. Similarly, in Village of Park Forest v. Bragg, 38 Ill2d 225, 230 NE2d 868 (1967), it was held that a municipality could appeal an acquittal for a violation of a

municipal ordinance. Thus, the City argues that section 103–3 of the Criminal Code was not available to this defendant because these proceedings were civil in nature.

■ We are of the opinion that based upon the above cases, the City's argument for the inapplicability of section 103–3 of the Criminal Code is entirely correct. We believe the rationale for this holding was expressed in City of Highland Park v. Curtis, 83 Ill App2d 218, 226 NE2d 870 (1967), where it was stated at page 228:

"A prosecution for the violation of a municipal ordinance and to recover a fine or penalty therefor, while quasi-criminal in nature, is civil in form and is tried and reviewed as a civil proceeding."

However, the defendant has argued that the right involved is grounded upon basic principles of due process. Thus, the defendant contends that factually, she has been denied her liberty and property without that fundamental justice required from our constitutional law. The City attempts to answer this factual contention by claiming that the report of proceedings is insufficient to show that the defendant was denied her right to communicate by phone while in police custody. The defendant's testimony at her motion for a new trial was uncontroverted; she stated that she was denied any communication before trial, despite repeated requests while in custody of the police; that she answered ready for trial out of fear of being further detained if a continuance had been granted. We feel that the record substantiates the defendant's factual assertions.

■ In response to this, the City argues that because of the quasi-criminal nature of the proceedings the defendant was not entitled to any communication with her friends or an attorney. On the other hand, the City contends that the defendant had a right to a speedy trial which she received by answering ready for trial and conducting her own defense. Thus, the City's argument

364

appears to be that constitutional due process was not available for the right the defendant now claims, but that the exercise of another constitutional safeguard was available and properly exercised by the defendant. We are not persuaded by this reasoning, nor do we agree with the City's assertion that the procedures followed in Women's Court were sufficient to allow defendant opportunity to secure assistance in preparing her case. The City's brief actually characterized this as "potential assistance" which could have been extended to the defendant, while their brief acknowledges that "unfortunately many defendants do not realize this." We feel that this is not an adequate reason for denying the defendant the opportunity to at least make a phone call to inform someone in order to assist her during her incarceration and preparation for trial.

We are of the opinion that under the facts and circumstances of the instant case, the defendant was denied due process of law when she was denied the right to communicate after her arrest and detention for the Municipal Code violation involved.

■ Furthermore, in answer to the City's contention that the defendant waived her rights by proceeding to trial, we think it cannot be said that the defendant knowingly and intelligently waived her right to counsel or the opportunity to prepare a defense to these proceedings. Johnson v. Zerbst, 304 US 458 (1938).

Thus, we conclude that the judgment of the Circuit Court denying the defendant's motion for a new trial is reversed and the cause is remanded.

Reversed and remanded.

MURPHY and BURMAN, JJ., concur.