CITY OF JOLIET, Plaintiff-Appellant, *v.* JOSEPH FENNEWALD, Defendant-Appellee.

(No. 71-139; )

Third District—February 2, 1972.

*Rehearing denied March 8, 1972.*

James D'Amico, of Joliet, for appellant.

John F. Cirricione, of Joliet, for appellee.

Mr. JUSTICE DIXON delivered the opinion of the court:

This is an appeal from an order dismissing three municipal ordinance violation cases for failure to comply with a discovery order.

The defendant, Joseph Fennewald, was charged in complaints filed by the plaintiff, the City of Joliet, with driving while under the influence of intoxicants, failure to stop at the scene of an accident, and failure to have taillights when required, in violation of local ordinances. Thereafter a motion to produce was filed by the defendant's attorney, asking that the trial court order the plaintiff to produce its police reports relat-

ing to the charges, *the names and addresses of all witnesses expected to testify on behalf of the plaintiff*, copies of all written statements obtained from the defendant, transcripts of any oral statements taken from him, and pictures of physical evidence. The motion was heard May 19, 1971. Both the plaintiff and the defendant were represented at the hearing. The motion was granted in its entirety; production by June 2, 1971, was required; and the trial date was left at July 26, 1971, the date previously set.

On July 26, 1971, the three cases against the defendant were called for trial. The defendant's attorney made an oral motion to have all the cases dismissed for failure to the plaintiff to comply with the production order of May 19, 1971. The record then states: "Prosecution indicates that it does not intend to comply with the order. Motion allowed." The cases were dismissed, and this appeal followed:

The plaintiff contends on appeal that the discovery order was erroneous in requiring production of the names and addresses likely to be called on behalf of the plaintiff; that the ensuing dismissal order was improper because it enforced an nvalid discovery order, because there had not previously been notice and a hearing on a motion to impose sanctions, and because a less severe remedy could have been employed; and that the effect of dismissing the cases without prior notice and an adequate hearing was to deprive the plaintiff of its constitutional right to due process. The defendant maintains that the discovery order was proper; that the plaintiff should have either complied with that order or sought relief from it before the trial date; that the plaintiff has never given any reasons for not complying with those portions of the discovery order not dealing with witnesses; that the plaintiff should have presented its arguments to the trial court in order to have them considered on appeal; that the expression of an intention not to comply with the discovery order made a hearing relating to compliance unnecessary; and that dismissal with prejudice was a proper sanction for a wilful failure to comply.

■■ Both parties agree that the Civil Practice Act applies. There is ample support in the cases for the proposition that the Civil Practice Act governs trial court procedure in cases involving municipal ordinance violations. See *Village of Park Forest v. Bragg*, 38 Ill.2d 225; *City of Decatur v. Chasteen*, 19 Ill.2d 204; *People v. Loevy*, 275 N.E.2d 434 (App.Ct. 1971); *City of Chicago v. Harmon*, 117 Ill.App.2d 361; *Village of Park Forest v. Nicklas*, 103 Ill.App.2d 99; *City of Highland Park v. Curtis*, 83 Ill.App.2d 218.

■■■ Subsection 3 of Section 58 of the Civil Practice Act, Ill. Rev. Stat. 1969, ch. 110 Sec. 58 (3) states that a party shall not be required

to furnish the names or addresses of his witnesses. This has been held not to prohibit requiring a party to disclose the names and addresses of persons having knowledge of relevant facts. (*Hruby v. Chicago Transit Authority*, 11 Ill.2d 255.) We think that the portion of the order of May 19, 1971, which called for the names and addresses of all witnesses expected to testify on behalf of the plaintiff was prohibited by Section 58, and was not allowed by Hruby, because it called for trial witnesses, not occurrence witnesses. See Jenner and Tone, Historical and Practice Notes, S.H.A. ch. 110 sec. 58. The request was improper and should not be used. The failure to object did not grant it validity *ab initio*. *Nelson v. Pals* 51 Ill.App.2d 269. Also see I.L.P. Discovery, Section 16.

Notice was not given; only an oral motion was made and no written order provided by Rule 271 of the Supreme Court was ever presented. The proper procedure for an order imposing sanctions must be observed, and a written notice of hearing on the matter is required. I.L.P. Discovery, Section 19.

██ We do not feel that plaintiff was blameless. It should have complied with the valid portions of the order on or before the production date and should have given the trial court an opportunity to modify its order.

It is ordered that the judgment of dismissal of plaintiff's complaints be reversed and the cause remanded, with directions to set aside the judgment of dismissal and enter an order reinstating the complaints.

Reversed and remanded.

ALLOY, P. J., and STOUDER, J. concur.