JUDITH ROWLEY, Plaintiff-Appellant, *v.* JONNI R. ROUSSEAU, Defendant-Appellee.—(JAMES WALKER, Respondent-Appellant.)

Fourth District   Nos. 15667, 15668 cons.

Opinion filed February 11, 1980.

194

James Walker, Ltd., of Bloomington, for appellants.

Costigan & Wollrab, of Bloomington, for appellee.

Mr. JUSTICE CRAVEN delivered the opinion of the court:

The plaintiff is appealing from a jury verdict finding for the defendant and against the plaintiff in a personal injury case arising out of a two-car collision. At the plaintiff's trial, her counsel, James Walker, was found to be in direct contempt of court and was fined $350. Walker appeals the finding of contempt. The two appeals have been consolidated.

In addition to plaintiff's counsel's appeal of the trial court's order finding him in contempt, this appeal presents us with the following issues: (1) Whether the plaintiff was prejudiced by the trial court's ruling on the plaintiff's objections to the defendant's closing argument; (2) whether the trial court erred when it refused to direct a verdict for the plaintiff; (3) whether the trial court erred in denying plaintiff's motion for mistrial which was made because defense counsel elicited testimony that plaintiff had previously undergone psychiatric treatment; (4) whether the trial court erred when it only assessed plaintiff's costs against defendant (rather than enter a default judgment on plaintiff's behalf) for defendant's failure to comply with discovery.

We first consider the appeal from the contempt order.

The court's order on the defendant's pretrial motion *in limine* clearly precluded the parties from mentioning to the jury that the defendant was insured. Plaintiff's counsel during his closing argument stated, "I suggest that someone has dropped a file in front of Mr. Wollrab and said look, go defend this case, * * *." As a result of this comment, the judge reminded plaintiff's counsel outside of the presence of the jury of the motion *in limine* about insurance, and warned him that his argument was coming close to disobeying the motion *in limine*.

During the defendant's closing argument, the following exchange took place:

"MR. WOLLRAB: * * *

So, you'll be given another instruction that is going to tell you if that—if you find—the first vote you'll take, I assume, will be on the question of liability and if you find that Jonni, you're not going to place this lady's injuries on her—.

MR. WALKER: Your Honor, I'll object. No one is placing the injuries on her. They are placing them on State Farm Mutual Automobile Insurance Company who is defending this case on her behalf.

THE COURT: Mr. Walker, you have deliberately attempted to interject in this case an error which the Court will deal with summarily at a subsequent time. The jury is to disregard this completely. This is an action between these two parties and let's have no further outbursts of that nature. The Court considers that to be direct contempt of this Court."

Later, during defendant's closing argument, the following exchange occurred:

"Mr. WOLLRAB: * * *

So, I think you've got a question, really, as to whether or not this hospitalization was really necessary. It was put on really for the purpose of something that was broken and it wasn't broken, and then the other answer would be that it was put on to cover up pain and—should Jonni be held responsible for damages for money for pain that—.

MR. WALKER: Your Honor, again, we object. We have not indicated that Jonni will be held responsible for any money damages in this case. The evidence is quite to the contrary.

THE COURT: This is not the state of the situation, Mr. Walker, and you're not entitled to proceed in that manner, and his argument is entirely proper."

During the contempt hearing, the following exchange took place:

"THE COURT: * * *

Is there any statement you wish to make about those matters?

MR. WALKER: No, Your Honor.

THE COURT: All right, the Court is going to, as I indicated, find you in direct contempt of this Court and fine you in the sum of $350, and judgment entered thereon, and I might further say that I extremely regret the necessity that I see for having to do that. You're an extremely accomplished attorney, you have excellent abilities, you have—I believe that your zeal in pursuing your client's cause, irrespective of the law, has led you into this, and I do not find that there's any inexperience on your part whatsoever that would have placed you there. I believe, and the reason for that sentence is that I believe that you deliberately placed yourself in that position in an attempt to secure a mistrial of this case.

There was an earlier intimation of a possibility of that, and I regret that it is necessary."

■■ Irrespective of the nature of the defense counsel's closing argument here, it does not follow that the plaintiff's counsel had the right to disobey the trial court's ruling on the defendant's motion *in limine*. The fact that the plaintiff's counsel was previously warned about the motion *in limine* does not put his actions in a more favorable light. Not only were the plaintiff's counsel's statements violative of the trial court's ruling, but they also flagrantly ignored well-accepted case law. Accordingly, we affirm the trial court's order finding plaintiff's counsel in contempt of court.

Our holding does not imply that we think that plaintiff's counsel should have ignored what he thought to be improper argument about the question of whether the defendant had insurance. However, plaintiff's counsel simply could have objected to the argument without disobeying the trial court's ruling on insurance. In short, there is just as an effective, and certainly more prudent, way of objecting to argument other than by disobeying the trial court's previous ruling and ignoring the law.

We turn now to the plaintiff's appeal.

The facts that gave rise to the plaintiff's counsel's appeal also raise two contentions by the plaintiff on appeal. The plaintiff contends that the trial court's rulings on the plaintiff's objections to the defendant's closing argument, as set out above, allowed improper argument by the defense counsel and compounded the impression given by the argument that the defendant was not insured—thereby prejudicing the defendant. Similarly, the plaintiff contends that it was error for the trial court to find plaintiff's counsel in contempt in front of the jury irrespective of whether the finding of contempt was correct.

■■ Clearly, defendant does not have the right to inform the jury that she is not insured. (*Wise v. Hayunga* (1961), 30 Ill. App. 2d 324, 174 N.E.2d 399 (abstract).) Although the defense counsel's remarks do not explicitly

state that the defendant is uninsured, they may imply it. Perhaps such is implied; at least plaintiff's counsel so concluded.

In order for there to have been a perfect trial in this case, neither party should have implied the existence or nonexistence of insurance. However, in this context and others, this trial was far from perfect. Indeed, both parties alluded to the insurance question, and the plaintiff's counsel flatly stated that the defendant was insured.

As stated in *Wise*, 30 Ill. App. 2d 324, 174 N.E.2d 399 (slip op. at 7), cited by the plaintiff:

> " 'The general rule is that where the record shows a design or purpose on the part of counsel to improperly inform the jury that the defendant is insured or that an insurance company is defending the case and the circumstances tend to show a prejudicial effect upon the jury, the conduct constitutes error.' [Citation.] Here the design and purpose was to inform the jury that the defendant was not insured when in fact she was. Neither party should have such an advantage."

■■ The record shows that it was the plaintiff's counsel that first alluded improperly to the insurance question by implying that an insurance company was defending the case. Moreover, the record demonstrates that if either counsel had a design or purpose to improperly bring up the question of insurance, it was the plaintiff's counsel. At most the prejudice was offsetting, and the jury was instructed: "Whether a party is insured has no bearing whatever on any issue that you may decide. You must refrain from an inference, speculation or discussion about insurance." Finally, given the context of the complained-of judicial remarks, no reversible error was committed.

Next the plaintiff contends that the trial court erred when it refused to direct a verdict for the plaintiff at the close of the evidence. In her motion, the plaintiff asked the trial court for an order finding as a matter of law: (1) The issue of liability for plaintiff and against defendant, and (2) in the alternative, the defendant was negligent as a matter of law.

■■ The trial court was correct when it refused to grant the plaintiff's motion for judgment *n.o.v.* because there is ample evidence of the plaintiff's contributory negligence. The plaintiff cites *Hale v. Cravens* (1970), 129 Ill. App. 2d 466, 263 N.E.2d 593, for her argument that the fact that the plaintiff may have been exceeding the posted speed limit or driving too fast for conditions could not be the basis for contributory negligence. This contention is not tenable. *Conner v. McGrew* (1961), 32 Ill. App. 2d 214, 177 N.E.2d 417; also see *Fincham v. Cooney* (1976), 42 Ill. App. 3d 719, 356 N.E.2d 445.

*Hale* does not stand for the proposition cited. The basis for the decision in that case was the fact that the defendant drove her automobile

directly into the path of plaintiff's vehicle under circumstances that afforded the plaintiff no opportunity to avoid the collision. Any claim by the plaintiff that the evidence establishes that the plaintiff had no opportunity to avoid the collision in this case simply is not supported by the testimony at trial.

If the question of plaintiff's contributory negligence was a legitimate question for the jury, the plaintiff alternatively argues that "under the evidence of this case the jury should not have had before them the issues of whether or not the defendant was negligent."

Plaintiff cites no authority for the proposition that the trial court could direct a partial verdict on the defendant's negligence while at the same time instructing the jury on damages and contributory negligence. Irrespective of this fact, all the evidence, when viewed in the light most favorable to the plaintiff, does not establish the defendant's negligence to the degree that would have allowed the trial court to take the issue from the jury. See *Pedrick v. Peoria & Eastern R.R. Co.* (1967), 37 Ill. 2d 494, 229 N.E.2d 504.

The plaintiff contends that the trial court erred in denying her motion for mistrial which was made because defense counsel elicited testimony that the plaintiff had previously undergone psychiatric treatment. The plaintiff did not object during the defense counsel's line of questioning that brought out the plaintiff's psychiatric treatment. After the questioning was finished, the plaintiff moved for a mistrial during which the following exchange took place:

"THE COURT: Why did you decide not to object?

MR. WALKER: Your motion to change places with me is denied, Judge, I'm trying the case.

THE COURT: I think that answers the question.

MR. WALKER: A fair and just trial to this case, I have no duty to come in and object when this man gets in here and brings in this improper—.

THE COURT: Well, the Court noted that you started to object, sir, to the matter that was being presented, and you decided not to prevent—you had an opportunity to prevent that from being—.

MR. WALKER: All I ask for is a fair trial.

If you want to grant the motion for mistrial, you have that power. If you don't, deny it.

THE COURT: Mr. Walker, let me finish if you will, sir.

Now, you had an opportunity, the Court knows nothing about the context of this evidence, you have taken depositions, you've had the discovery, you know your client's medical history. You started to object, held off objecting, and then after it's in, you

approach the bench and ask for a mistrial when you haven't tried to protect the record.

The motion is denied."

We agree with the trial court, and hold that this issue has been waived because of counsel's failure to interject an objection to the testimony he thought was improper.

The defendant failed to produce photographs of the accident as requested by the plaintiff. The trial court assessed plaintiff's costs against defendant as a sanction for the defendant's failure to comply with this discovery request. The plaintiff contends that this sanction is not severe enough. Rather, the plaintiff thinks the appropriate sanction for the defendant's failure to comply with discovery would have been the entry of a default judgment on the plaintiff's behalf.

The plaintiff is asking us to hold that the trial court abused its discretion because it failed to enter a default judgment on her behalf as the appropriate sanction. However, the plaintiff did not argue, nor does the record indicate, any evidence of prejudice as a result of the defendant's failure to comply with discovery. Moreover, the record indicates that the defendant's failure to comply was unintentional. Therefore, we hold that the sanctions the trial court imposed were well within its limits of discretion.

For the foregoing reasons, the judgment of the trial court is affirmed.

Affirmed.

MILLS, P. J., and WEBBER, J., concur.