GENEVA EILEEN MAU *et al.*, Plaintiffs, v. NORTH AMERICAN ASBESTOS CORPORATION *et al.*, Defendants-Appellees (James Walker, Contemnor-Appellant; The People of The State of Illinois, Appellee).

Fourth District   No. 4—86—0696

Opinion filed June 30, 1987.—Rehearing denied July 27, 1987.

James Walker, Ltd., of Bloomington, for appellant.

Heyl, Royster, Voelker & Allen, of Peoria (Robert H. Shultz, Jr., James M. Voelker, and Karen L. Kendall, of counsel), for appellee North American Asbestos Corporation.

Ronald C. Dozier, State's Attorney, of Bloomington (Kenneth R. Boyle, Robert J. Biderman, and Michael Blazicek, all of State's Attorneys Appellate Prosecutor's Office, of counsel), for the People.

PRESIDING JUSTICE SPITZ delivered the opinion of the court:

On May 29, 1979, plaintiff, Geneva Eileen Mau, filed a wrongful death action against defendant, North American Asbestos Corporation, and other defendants, in the circuit court of McLean County to recover damages allegedly caused by her husband's exposure to asbestos.

On September 2, 1986, a pretrial conference was held. At that time, the trial court orally informed the attorneys for both parties to

submit a list of witnesses each attorney expected to call to testify at trial, for use during *voir dire* examination of prospective jurors. This list was to include the names and addresses of all witnesses, in the order the witnesses would be called to testify. The list was to reflect whether each witness would testify in person, in court or by means of former recorded testimony. The trial court informed the attorneys that the failure to list a witness would preclude his or her testimony at trial. The court also stated that a witness listed out of order could not be called without the court's permission.

Hearings on pretrial motions commenced on September 6, 1986, and continued through September 22, 1986. On September 22, 1986, following the hearings on pretrial motions and just prior to the commencement of *voir dire*, the court ordered the attorneys to submit the lists of witnesses. Defense counsel agreed to submit defendant's list of witnesses. Plaintiff's counsel, James Walker, refused to submit such a list. Referring to section 2—1003(c) of the Code of Civil Procedure (Ill. Rev. Stat. 1985, ch. 110, par. 2—1003(c)), Walker contended that plaintiff could not be required to furnish such a list. The trial court stated that section 2—1003(c) was not applicable as the case had proceeded past the discovery stage. The court further stated that such a list was an appropriate requirement for the management and organization of a lengthy trial. In response, Walker moved the court for an order compelling defendants to disclose the contents of defendant's opening statement and the anticipated order of defendant's questions on direct examination of its own witnesses and on cross-examination of plaintiff's witnesses. The court denied this motion. Thereafter, Walker informed the court that without such information, plaintiff would be unable to provide a list of witnesses under the terms enunciated by the court. The circuit court then found Walker in "direct, willful, criminal contempt" for disobeying the court order without providing a sufficient legal excuse or justification. Whereupon, the court imposed upon Walker a fine of $300. As an additional sanction, the court ordered that plaintiff's case would not be called for trial until the list of witnesses was submitted.

These oral pronouncements were set forth in a written order filed on September 26, 1986. In addition, the court stated that it ordered the parties to submit lists of witnesses due to the "need to determine any acquaintanceship or relationship prospective jurors might have with any of the testifying witnesses." The court also noted its "past experience *** in prior trials of similar cases where there were claims of injuries from asbestos and involving one or both of these attorneys." Finally, the court stated that it had inherent authority and re-

sponsibility for the conduct, control, organization, and management of trial proceedings.

Walker now appeals from the order of contempt.

On appeal, Walker contends that the trial court erred in ordering the plaintiff to submit a list containing the names and addresses of witnesses she expected to call at trial, in the order that the witnesses would be called to testify, and in ordering that plaintiff could not call witnesses not on the list or out of the order listed, without the permission of the court. Walker places principal reliance upon section 2—1003 of the Code of Civil Procedure (Ill. Rev. Stat. 1985, ch. 110, par. 2—1003), which provides, in pertinent part:

"Sec. 2—1003. Discovery and depositions.
* * *

    (c) A party shall not be required to furnish the names or addresses of his or her witnesses * * *."

Walker also relies upon decisions interpreting the statute's predecessor (Ill. Rev. Stat. 1955, ch. 110, par. 58(3)), which have held that during the discovery stage, the statute protects a party from being compelled to identify the witnesses he intends to use at the trial, but has been held not to preclude discovery regarding occurrence witnesses. See *Hruby v. Chicago Transit Authority* (1957), 11 Ill. 2d 255, 142 N.E.2d 81; *City of Joliet v. Fennewald* (1972), 3 Ill. App. 3d 899, 278 N.E.2d 821.

Walker also argues that the trial court's order required the plaintiff to divulge her attorney's work product. Walker asserts that the selection of witnesses and the order in which the testimony of the witnesses is presented are privileged from disclosure under Supreme Court Rule 201(b)(2) (87 Ill. 2d R. 201(b)(2)), which provides in part:

    "(2) *Privilege and Work Product.* All matters that are privileged against disclosure on the trial, including privileged communications between a party or his agent and the attorney for the party, are privileged against disclosure through any discovery procedure. Material prepared by or for a party in preparation for trial is subject to discovery only if it does not contain or disclose the theories, mental impressions, or 'litigation plans of the party's attorney."

It is Walker's position that the list of witnesses constitutes privileged "litigation plans of a party's attorney." 87 Ill. 2d R. 201(b)(2).

The State is an appellee at the request of the trial judge and pursuant to the authority of *Marcisz v. Marcisz* (1976), 65 Ill. 2d 206, 357 N.E.2d 477 (holding that the People may be substituted as a party to a criminal contempt). The State argues that Walker's reliance

on section 2—1003(c) is misplaced under the circumstances here. The State asserts that the case was no longer in the discovery stage but had proceeded to the trial stage and, thus, section 2—1003(c), which pertains to discovery, is inapplicable here. In addition, the State asserts that the court was acting within its authority as the purpose for the court's order was to insure the selection of an impartial jury and for the effective management of the litigation.

Defendant, North American Asbestos Corporation, also takes the position the court did not abuse its discretion and that section 2—1003 is inapplicable as the case was not at the discovery stage but had been called for trial. Further, defendant argues alternatively that section 2—1003(c) is unconstitutional as it encroaches upon the judiciary's power to conduct and control its proceedings.

We have reviewed the parties' contentions together with the record and the authority cited and conclude that section 2—1003(c) does not apply to this situation. Contrary to Walker's assertions, section 2—1003 pertains only to discovery and deposition. Further, the decisions cited by Walker in support of his position involved cases in the discovery stage. Here, however, the case was no longer in the discovery stage; rather, it had been called for trial. Thus, section 2—1003(c) does not govern the situation here.

■ Similarly, we are unpersuaded by Walker's contention that the list of witnesses was "work product" under Supreme Court Rule 201(b)(2) (87 Ill. 2d R. 201(b)(2)) and thus privileged from disclosure. The plaintiff was not required to submit any statements of witnesses or reports compiled. Instead, he was asked only for the names and addresses of the witnesses to be called at trial. Courts have determined that such information does not constitute "work product." See generally *Hruby v. Chicago Transit Authority* (1957), 11 Ill. 2d 255, 142 N.E.2d 81; *Krupp v. Chicago Transit Authority* (1956), 8 Ill. 2d 37, 132 N.E.2d 532.

■ We cannot say that the court abused its discretion by requesting a list of witnesses to aid in the selection of an impartial jury and for the effective management of the litigation. We do believe, however, that the conditions of the order, that the plaintiff could not call witnesses not listed or out of the order listed without the court's permission, do constitute an abuse of discretion. The court articulated several reasons for its entry of the order requiring the parties to submit the list of witnesses with the aforementioned conditions. These reasons included "the need to determine any acquaintanceship or relationship prospective jurors might have with any of the testifying witnesses" and the court's "past experience *** in prior trials of similar

930

cases where there were claims of injuries from asbestos and involving one or both of these attorneys." These reasons do not warrant the imposition of such restrictions on calling witnesses as were imposed by the trial court here.

Accordingly, the order of the circuit court holding James Walker in contempt of court is vacated and the cause is remanded for further proceedings consistent with the views expressed herein.

Order vacated; cause remanded.

GREEN and LUND, JJ., concur.