## In re JOINT EASTERN AND SOUTHERN DISTRICTS ASBESTOS LITIGATION.

### No. S–91–66.

United States District Court,
C.D. Illinois,
Springfield Division.

Sept. 16, 1993.

Steven H. Frankel, Christopher Q. King, Sonnenschein, Nath & Rosenthal, Chicago, IL, Elena Z. Kezelis, Springfield, IL, for Manville Personal Injury Settlement Trust.

James Walker, James Wylder, James Walker, Ltd., Bloomington, IL, David Walker, William J. Harte, Ltd., Chicago, IL, for respondent James Walker.

## OPINION

RICHARD MILLS, District Judge:

A matter of contempt by an attorney.

This long and protracted process began in this Court two years ago to collect sanctions that were imposed by the United States District Courts for the Southern and Eastern Districts of New York. Attorney James Walker had been held in contempt in those courts relative to his participation in an asbestos trial. (That case is reported in a 270 page opinion as *In re Joint Eastern and Southern District Asbestos Litigation,* 129 B.R. 710 (E. & S.D.N.Y.1991)).

Apparently, Mr. Walker, who represented certain Illinois claimants in the asbestos litigation, attempted to interfere with the management of the trust fund which had been set up to pay the claimants, and a civil contempt sanction against him in the amount of $81,655 was awarded in favor of the Manville Trust. Shortly after the conclusion of the asbestos case in the fall of 1991, the trustee of the Johns–Manville Trust registered the sanction judgment of $81,655 in this Court, pursuant to 28 U.S.C. § 1963.

The Manville Trust immediately applied for and received a citation to discover the assets of Mr. Walker in order to collect the $81,655 sanction which had been imposed in its favor. Mr. Walker attempted to stall the collection of the sanctions by filing a motion to quash all proceedings in this Court on the basis that the judgment rendered against him in New York was void. On August 26, 1992, this Court issued an opinion denying Mr. Walker's motion to dismiss the sanction proceedings and ordered that the sanction judgment be enforced together with interest thereon as expeditiously as possible. *In re Joint Eastern & Southern Districts Asbestos Litigation,* 800 F.Supp. 643, 647 (C.D.Ill. 1992).

Unfortunately, Mr. Walker again attempted to stall the proceedings by filing a motion for reconsideration and an interlocutory appeal. Mr. Walker also filed a motion for setoff, to have the sanctions paid out of client funds in another case which had allegedly been assigned to him. The motion for reconsideration and the motion for setoff were denied by this Court, and the interlocutory appeal, although unripe, is still pending before the Court of Appeals. It appears that Mr. Walker is attempting to perfect that appeal by procuring a contempt decree in this Court.

Nonetheless, having exhausted all means of delay, Mr. Walker subsequently filed an appeal of the setoff order and petitioned this Court for a stay of all proceedings pending outcome of the appeal. This Court denied the motion to stay, and Mr. Walker moved for a dismissal of his appeal of the setoff order. This Court then ordered Mr. Walker to appear at a citation to discover assets hearing and to answer garnishment interrog-

atories which had been served upon him by the Manville Trust.

Mr. Walker answered the garnishment interrogatories, and he appeared with counsel at the citation to discover assets hearing held before U.S. Magistrate Judge Charles H. Evans on August 3, 1993. However, at the hearing Mr. Walker refused to answer under oath the questions propounded to him by the attorney for the Manville Trust regarding his assets and income. He stated that he would prefer to be held in contempt and that he intended to appeal any contempt order issued by this Court. As a result of Mr. Walker's conduct at the hearing, the Manville Trust applied for an order requiring Mr. Walker to show cause why he should not be held in contempt for his failure to answer the questions asked at the hearing. Pursuant to 28 U.S.C. § 636(e), Magistrate Judge Evans issued an order directing Mr. Walker to appear before District Judge Richard Mills to show cause why he should not be held in contempt for his failure to cooperate at the citation to discover assets hearing.

Mr. Walker has already been the subject of numerous contempt proceedings. This Court in an *en banc* order issued in November of 1992 suspended Mr. Walker from practice in federal court in the Central District of Illinois for one year for his conduct in the case of *Castillo v. St. Paul Fire & Marine Insurance Co.*, 1992 WL 319419 (C.D.Ill. 1992). Mr. Walker had already been sanctioned in the same case in 1991 by District Judge Harold A. Baker for "deliberate frustration of the defendants' attempt to secure discovery," and that sanction was affirmed by the Court of Appeals. *See Castillo*, 938 F.2d 776 (7th Cir.1991). Additionally, Mr. Walker has been brought before the Fourth District Appellate Court on at least three occasions for contemptuous conduct in the state circuit courts relating to disobeyance of court rulings and deliberate professional misconduct during the course of trial. *See Rowley v. Rousseau*, 81 Ill.App.3d 193, 196, 36 Ill.Dec. 465, 400 N.E.2d 1045 (1980); *Mau v. North American Asbestos Corp.*, 156 Ill.App.3d 926, 927, 109 Ill.Dec. 273, 509 N.E.2d 1112 (1987); *Kilpatrick v. First Church of the Nazarene*, 182 Ill.App.3d 461, 463, 130 Ill.Dec. 925, 538 N.E.2d 136 (1989).

## ANALYSIS

To date, all of Mr. Walker's sanctions for contempt have been in the form of fines, and they seem to have had no effect on his behavior. There are two types of contempt: civil and criminal. Civil contempt exists where the punishment is remedial and for the benefit of the complainant, whereas criminal contempt is punitive and serves to vindicate a court's authority. *Securities and Exchange Commission v. Simpson*, 885 F.2d 390, 395 (7th Cir.1989). Either imprisonment or fines can be used as sanctions for findings of criminal and civil contempt, and imprisonment may be imposed as a civil contempt sanction if the contemnor can avoid the sentence by complying with the directives of the Court. *Id.* On the other hand, a criminal contempt sanction exists where there is an unconditional and determinate sentence that cannot be purged by any future conduct of the contemnor. *Id.*

In this case, Mr. Walker should be sanctioned for civil contempt for his refusal to answer the questions asked by the attorney for the Manville Trust at the citation to discover assets hearing held on August 3, 1993. Such relief would be for the benefit of the complainant, the Manville Trust, and Mr. Walker has only to comply with the discovery requests of the Manville Trust to avoid imposition of the civil contempt sanction. Given Mr. Walker's past conduct, an appropriate sanction would be imprisonment conditioned on cooperation with the Manville Trust in the discovery process. If Mr. Walker files an immediate appeal of the contempt order, he should be required to post a bond of $100,000 in order to escape confinement, as that is approximately the amount of the New York sanction plus interest.

Because Mr. Walker has repeatedly ignored court ordered fines for contempt, including the present contempt sanction imposed by the New York district court, it appears that a conditional sentence of imprisonment is the only means of obtaining Mr. Walker's cooperation with the Manville Trust in the enforcement proceedings of the New York sanction in this Court. Should Mr. Walker continue to refuse to comply with this Court's order of civil contempt, he could be

indicted for criminal contempt for his refusal to comply with the New York court's order, and the imposition of both civil and criminal contempt sanctions would not violate the double jeopardy clause. *United States v. Ryan*, 810 F.2d 650, 653 (7th Cir.1987).

*Ergo*, following the hearing on this matter, the Court finds Mr. Walker to be in contempt of the citation to discover assets issued by this Court, and the Court hereby directs that Mr. Walker be remanded to the custody of the United States Marshal until such time as he shall cooperate with the Manville Trust concerning the citation to discover his assets. In the event Mr. Walker wishes to appeal the present decision of this Court, confinement will be stayed pending appeal pursuant to Fed.R.Civ.P. 62(d) upon the posting of a $100,000 supersedeas bond by Mr. Walker, approved by Judge Mills and filed with the Clerk of the Court within the next 48 hours.

If Mr. Walker appeals the finding of contempt, he will be required to file with the Court a report reflecting the status of his appeal every sixty (60) days, beginning Friday, October 1, 1993. Failure to file such reports will result in the commission of the offense of criminal contempt, subjecting Mr. Walker to the imposition of a punitive sanction. *See Simpson*, 885 F.2d at 395.

SO ORDERED.