Martha Augustine, Plaintiff-Appellee and Cross Appellant, v. Claude R. Stotts, Codefendant, Cross Appellee, and Carmella Thomas, Defendant-Appellant.

Gen. No. 63–F–2.

Fourth District.

April 8, 1963.

McGlynn & McGlynn, of East St. Louis (Charles M. Whealon, of counsel), for defendant-appellant and cross-appellant.

Brady, Donovan & Hatch, of East St. Louis, for defendant-cross-appellee, and Goldenhersh & Goldenhersh, of East St. Louis, for plaintiff-appellee and cross-appellant.

CULBERTSON, J.

This is an appeal from a judgment of the Circuit Court of St. Clair County, based on a verdict as against defendant, Carmella Thomas, in the sum of $12,000 in favor of plaintiff, Martha Augustine. Martha Augustine is the mother of Carmella Thomas, and was riding with her as a guest, and filed the action as against her daughter for personal injuries sustained as the result of wilful and wanton misconduct of her daughter under the guest statute. Action was also taken as against a codefendant who was driving another car. The jury returned a verdict of not guilty as to the codefendant.

On appeal in this Court defendant contends that the Court below should have directed a verdict in favor of defendant, or judgment notwithstanding the verdict, or granted her a new trial, by reason of certain errors committed in the trial of the cause.

As pointed out on appeal in this case by plaintiff, defendant made a left turn into the oncoming automobile driven by the codefendant, who was found not guilty by the jury.

██ The facts were such as to raise a question of fact for the jury as to whether defendant was guilty of wilful and wanton misconduct either in seeing the oncoming automobile and wilfully, wantonly, or recklessly attempting to race across the highway ahead of such automobile, or being guilty of wilful and wanton misconduct in failing to look and discover the oncom-

ing automobile on the state highway. The jury found, as a fact, that defendant as a host driver was guilty of wilful and wanton misconduct. Since the jury had come to such conclusion, and (on the basis of the record before us which made the determination of whether or not defendant was guilty of wilful and wanton misconduct a question of fact for the jury) this Court cannot substitute its judgment for such conclusion on appeal in this Court (McCormack v. Haan, 20 Ill2d 75, 78, 169 NE2d 239; Kunz v. Larson, 15 Ill App2d 126, 145 NE2d 746).

■ It is contended on appeal in this Court, likewise that statements or questions put to prospective jurors on the voir dire examination concerned matters outside of the issues involved, and was so prejudicial as to be ground for mistrial. The specific statement was that although plaintiff was the mother of defendant and was suing her, they were on friendly terms, and there were no hard feelings between them because of the lawsuit. The record shows none of the questions which were propounded in the examination of the jury. On the record there is no showing of any abuse of discretion by the Court in denying the motion for mistrial (Bartels v. McGarvey, 331 Ill App 275, 278, 73 NE2d 123; Reinmueller v. Chicago Motor Coach Co., 341 Ill App 178, 187, 93 NE2d 120). In absence of any valid record the point raised by defendant is not properly preserved for review. The Trial Judge had the opportunity to observe and hear what transpired during voir dire, and again considered the matter at the conclusion of the trial when the motion was put into the record. Under the record before us we cannot conclude that there was a basis for reversal on appeal in this cause.

■ ■ Another point raised on appeal by defendant is the contention that plaintiff in her testimony has testified to facts which are binding upon her as a judicial admission in so far as defendant is concerned.

431

Specifically, she testified that when they came to the road to make the turn, defendant stopped, and both plaintiff and defendant looked and didn't see a car. The evidence showed that defendant did, in fact, make a left turn onto the state highway and was struck by the oncoming automobile. Even if defendant brought her car to a complete stop, or if both plaintiff and defendant looked in front of them for oncoming traffic, and if plaintiff thought that defendant had looked, there could still be a question of fact from the circumstances in the record upon which the jury could predicate a finding of wilful and wanton misconduct, since she apparently raced across the highway in a manner which resulted in the collision referred to. Under the record it could not be concluded without question that the testimony of plaintiff was the sort of concrete, unequivocal statement which is required for a conclusive judicial admission (McCormack v. Haan, supra). The Court in the latter case points out that a party may by his own testimony conclusively bar his claim or defense, but that a determination that he has done so depends upon an evaluation of all his testimony, and not just part of it; that it likewise depends upon an appraisal of his testimony in the light of the testimony of other witnesses, and a consideration of their respective opportunities to observe the facts about which they testify. There were sufficient undeterminated factors in the record to make it apparent that the testimony of the plaintiff in the instant case did not amount to a judicial admission which would defeat her claim.

 A contention is also made that the verdict is against the manifest weight of the evidence so that a new trial should have been granted. The evidence which was presented in the cause was sufficient to justify the verdict of the jury, even though we might have come to a contrary conclusion on the basis of

such evidence. The action was tried as a single lawsuit as against both defendants. The testimony of the co-defendant, if believed by the jury, could be used as a basis to amply sustain the verdict of the jury. Under such circumstances we cannot substitute our judgment for that of the jury. The number of witnesses testifying to a particular set of facts is not significant and where a fair question of fact is raised by the proof it will be sufficient to sustain the jury's finding, and we would not be justified in setting such verdict aside as being against the manifest weight of the evidence under such circumstances and the record in this cause (Moudy v. New York C. & St. L. R. Co., 317 Ill App 154, 160, 46 NE2d 180).

The judgment of the Circuit Court of St. Clair County will, therefore, be affirmed.

Affirmed.

SCHEINEMAN, P. J. and HOFFMAN, J., concur.