THE PEOPLE OF THE STATE OF ILLINOIS, Plaintiff-Appellee, *v.* PHILIP B. MOORE, Defendant-Appellant.

(Nos. 71-190, 71-216 cons.; 

Third District—June 30, 1972.

*Rehearing denied August 15, 1972.*

John O. Vogel, of Glen Ellyn, for appellant.

L. E. Ellison, State's Attorney, of Morrison, for the People.

Mr. JUSTICE DIXON delivered the opinion of the court:

The defendant, Philip B. Moore was indicted for the crimes of attempted murder, burglary and aggravated battery. A jury returned verdicts of guilty and defendant was sentenced to 10 to 20 years for both the attempt and aggravated battery charge and was sentenced to 5 to 30 years for burglary.

The defense was insanity. Dr. Daniel Schiff, a psychiatrist, testified on behalf of defendant and stated that he had arranged two sets of tests of the defendant by Dr. and Mrs. Samuel J. Beck who were well known experts in the field of testing in the area of diseases called schizophrenia. Dr. Schiff further testified that he was of the opinion that mental illness did exist at the time the offense was committed and before, and further that defendant had a great inability to adhere to the right and to control his impulses. No other medical testimony was offered by defendant.

On rebuttal the People's only witness was Dr. Wlodvimierz Rydak who testified that in his opinion the defendant was not suffering from any

mental disease or a mental defect at the time of the offense, he further stated that defendant did not suffer from schizophrenia.

❸ 1 Prior to sentencing the trial judge procured a probation investigation and report which had attached to it a written report of Dr. Rydak, which report contained the following:

"The diagnosis, as a result of observation of the patient during the interview, the longitudinal history as given by the patient (no other information was available to the examiner at this time) and observation of his responses, his attitude, his affect and his trend of thought, is: * * * Personality Disorder, Paranoid-Schizoid Behavior Pattern."

the report further stated,

"At the time he committed the offense on March 3, 1969, he was unable to appreciate the criminality of his conduct because of stresses which were imposed upon him: * * *

At the time he committed the offense on March 3, 1969, he lacked the capacity to conform his conduct to the requirements of the law."

It is obvious that the written report of Dr. Rydak not only impeaches his testimony but is of such affirmative character as could probably produce a different result on a new trial.

There was also attached to the probation report a letter from Dr. J. G. Graybill, another psychiatrist who had exaimned the defendant and who was of the opinion that, "The diagnostic category into which he presently falls is that of schizophrenic—reaction, paranoid type. Placement within a maximum security setting where psychiatric treatment is available is recommended for Mr. Moore. It is highly likely that under even moderate stress, he could decide upon another victim and act out so that he could relieve his feelings of frustration."

Also attached was the report of Dr. and Mrs. Beck, which said, "Both symptomatically and the character diagnoses converge in the pt.: Schizophrenia of the pseudoneurotic type."

The general rule is that a new trial will not be granted for newly discovered evidence which would only discredit or impeach a witness who testified at the trial. However, if such evidence contradicts a witness by showing the true facts, and it appears that such new evidence has sufficient probative force or weight to produce a different result from that obtained at the trial, a new trial may be ordered. Thus, evidence of contradictory statements of witnesses before and after the trial has been held sufficient to require a new trial. 15 I.L.P. Criminal Law Sec. 800.

The defendant has also appealed from an order denying post-conviction relief, contending that he was denied a constitutional right to a trial

by an impartial jury because his lawyer was denied the right to query prospective jurors on the *voir dire* examination with regard to any bias or prejudice they might have against the defense of insanity. The court reporter was not present at the *voir dire* so no accurate report of what happened is available. Testimony at the post-conviction hearing disclosed that defendant's lawyer had prepared a list of questions designed to probe as to any disqualifying mental attitudes any of the prospective jurors might have had with regard to an insanity defense.

Defendant's lawyer further testified that he had asked some of the questions when examining the first juror and two of the questions of the second prospective juror whereupon the State's Attorney objected and was sustained. Defense counsel thought the objection was based upon the entire line of questions and no further questions were asked any prospective jurors aimed at discovering bias or prejudice with regard to the insanity defense. The trial judge recalled that one question which made a reference to instructions was asked and objection to it sustained. The State's Attorney's testimony was about the same.

■■ The entire testimony at the evidentiary hearing on the post-conviction hearing discloses that at least ten of the jurors finally selected had not been interrogated as to their attitude on the defense of insanity. We believe that this in combination with the other unique circumstances of this case deprived defendant of a fair trial. Where insanity is to be an issue the parties have a right to examine jurors concerning their attitude on an insanity defense. 50 C.J.S. Juries, Sec. 275.

■■ Defendant has complained of certain I.P.I. instructions that were given without objection in the trial court. A complete recital of the defects alleged would unduly prolong this opinion. Defects in instructions are waived unless objection is made in the trial court, (*People v. Kelley*, 105 Ill.App.2d 481, 485), and one who seeks to avoid waiver of defects in instructions for failure to make specific objection has burden of establishing: (a) that the defects in the instruction are substantial, and (b) that the giving of the instruction resulted in denying to the defendant a fair trial and justice. (*People v. Price*, 96 Ill.App.2d 86, 95.) We do not believe that the defendant has sustained that burden.

For the reasons set forth above, the judgment is reversed and this cause is remanded to the Circuit Court for a new trial.

Reversed and remanded for a new trial.

STOUDER, P. J., and ALLOY, J., concur.