THE PEOPLE OF THE STATE OF ILLINOIS, Plaintiff-Appellee, *v.* SHERMAN BRYANT, Defendant-Appellant.

First District (4th Division) No. 61651

Opinion filed February 25, 1976.

James J. Doherty, Public Defender, of Chicago (Dorothea Kaplan and Suzanne M. Xinos, Assistant Public Defenders, of counsel), for appellant.

Bernard Carey, State's Attorney, of Chicago (Laurence J. Bolon, John T. Theis, and Mary C. Martin, Assistant State's Attorneys, of counsel), for the People.

Mr. JUSTICE DIERINGER delivered the opinion of the court:

This appeal is taken from Sherman Bryant's conviction of battery by the Circuit Court of Cook County. His sentence was two years probation, with the first 15 days to be served in the House of Correction.

The issue presented is whether Bryant, the defendant, was denied his rights to a fair trial and confrontation where the court received into evidence, for the purpose of showing the defendant's tacit admission, testimony by a witness of a conversation whereby an out of court declarant accused the defendant of admitting to the crime.

On January 31, 1975, at about 8:30 p.m., the 14-year-old complainant, Myron Collins, was walking through a vacant lot, on his way home from the store. He heard someone call a name and glanced up at the second floor back porch of an adjacent apartment building. Myron saw a man that he later identified as the defendant hold a bottle, raise his hand and throw the bottle; striking Myron in the mouth and opening a wound which required 14 stitches to close.

When Myron returned from the hospital, he and his mother, father and sister went to the porch and apartment where the bottle was thrown. The Collins family saw two men occupying the apartment, and were admitted inside by one of the men, known as Jason.

Mrs. Collins testified that Jason told the entire group that Bryant had awakened Jason and said, "Man, I just threw the bottle off the back porch, and I hit someone in the head and I don't know who it was." Bryant said nothing in the face of this accusation.

Defense counsel objected to the introduction of this evidence and moved for a mistrial. The motion was denied and this appeal was taken.

Defendant claims the testimony allowed into evidence was hearsay. First of all, hearsay, by definition, can only be a statement entered

as proof of the matter asserted. In the case at bar, Jason's statement was introduced for the purpose of showing the defendant was accused, it was not introduced to prove the truth of the statement, and therefore was not hearsay.

■■ Furthermore, as to the defendant's silence, out-of-court admissions and confessions of a party's opponent in civil and criminal cases are a principal exception to the hearsay rule, and consequently are admissible against their maker unless barred by other evidentiary considerations.

The reason for allowing the introduction of admissions is because they are probably factually true.

■■ The rule that a defendant's silence in the face of an accusation of guilt may be introduced as evidence of guilt has been recognized by the Illinois Supreme Court. *People v. Bennett* (1954), 3 Ill. 2d 357.

Defendant also claims the testimony allowed into evidence amounted to a denial of his sixth amendment right to confront witnesses.

In the trial of this case two witnesses appeared and testified for the prosecution. Defense counsel was given full opportunity to cross-examine both of them.

Defendant was not deprived of any right of confrontation on the issue of whether Jason actually made the statement related by Mrs. Collins, or on the issue of whether the defendant remained silent in the face of such accusation.

Of course the defendant had the right to subpoena witnesses, including Jason, whose testimony might show that the statement had not been made.

■■ The reason for the right to confrontation is so a criminal defendant will be able to test the truth of his accuser's assertions. Therefore, determination of whether a defendant's sixth amendment right to confrontation has been violated logically depends upon whether defendant has been deprived of the right to test the truth of direct testimony.

It is of primary importance that Mrs. Collins' testimony was allowed into evidence to show the statement by Jason was made, and not for the purpose of proving the truth of the matter asserted, the result being that no confrontation right attached.

We conclude the application of the tacit admission exception in the circumstances of this case is consistent with the confrontation clause, and did not violate the Constitution.

For the foregoing reasons, the judgment of the Circuit Court of Cook County is affirmed.

Affirmed.

JOHNSON, P. J., and ADESKO, J., concur.