THE PEOPLE OF THE STATE OF ILLINOIS, Plaintiff-Appellee, v.
JACKIE JOE CHAMNESS, Defendant-Appellant.

First District (2nd Division)   No. 83—2738

Opinion filed December 28, 1984.

James J. Doherty, Public Defender, of Chicago (Thomas W. Murphy, Assistant Public Defender, of counsel), for appellant.

Richard M. Daley, State's Attorney, of Chicago (Michael E. Shabat, Ka-

ren C. Wirth, and Peter D. Zaper, Assistant State's Attorneys, of counsel), for the People.

PRESIDING JUSTICE HARTMAN delivered the opinion of the court:

Defendant was found guilty by a jury of armed violence, aggravated battery, and attempted murder. (Ill. Rev. Stat. 1983, ch. 38, pars. 33A—2, 12—4, 8—4 and 9—1.) The circuit court merged the armed violence and aggravated battery offenses with the attempted murder offense, and sentenced defendant to a term of 12 years in custody of the Department of Corrections. Defendant appeals.

The incident giving rise to the charges occurred at about 4 a.m. on February 20, 1983. Defendant got in a cab and on his instructions the cab proceeded to the 1400 block of Cuyler in Chicago. As the cab was stopping, defendant and the driver engaged in a struggle. The driver alleged that defendant tried to rob him and stabbed him several times in the face, head and arms, causing him to lose control of the cab so that it hit a parked car. When the driver jumped out of the cab and tried to find his own knife, defendant fled.

At trial, the State called the cab driver, three police officers, and a witness who lived nearby on Cuyler. The latter testified that he heard a man ask to be let into the next building at 1455-57 Cuyler because the police were looking for him, saw a man jump over a fence and go into 1455-57 Cuyler, and saw police officers lead a man out of that building a short time later. A police officer testified that, after answering a call about a cab accident and stabbing, he found the cab driver in the front seat of the cab covered with blood, and that he followed a trail of blood to a second floor apartment at 1455-57 Cuyler. In that apartment, the officer found defendant in a bathroom with blood on his face and hands and a laceration on his left hand. Blood-stained clothes were also discovered in the toilet. In addition, police testimony disclosed that at the apartment and later at police headquarters defendant claimed that the cab driver had tried to rob him and he had stabbed the driver in self-defense.

Defendant testified in his own behalf and stated that the driver tried to overcharge him and that when he would not pay, the driver lunged at him with a knife. At this point, defendant drew a knife from his boot, stabbed the driver, and fled in fear. Defendant also testified that he accidently dropped his pants in the toilet at the 1455-57 Cuyler apartment.

On appeal, defendant urges this court to reverse his conviction, or, in the alternative, to remand the cause for a new trial.

## I

Defendant first maintains that the circuit court abused its discretion and denied his right to a fair trial by an impartial jury by refusing to ask two questions which he had submitted for the *voir dire* of prospective jurors.

The first question presented was: Would the evidence of serious physical injuries hamper your consideration of all the other evidence in this particular instance? Defendant points out that because his wounds were less serious than those sustained by the cab driver, he had the right to determine whether prospective jurors would weigh the driver's injuries more heavily than defendant's claim that he acted in self-defense. Citing *People v. Moore* (1972), 6 Ill. App. 3d 568, 286 N.E.2d 6, in which it was found that *voir dire* should include a question regarding prospective jurors' attitudes toward the insanity defense where such a defense will be raised, defendant argues that it was reversible error not to ask a question which assertedly would probe jurors' attitudes toward his defense of self-defense.

The second question defendant proposed has not been made a part of this record. Defendant asserts that it concerned the weight jurors may attach to the credibility of police witnesses as opposed to civilian witnesses. Defendant relies on *United States v. Martin* (7th Cir. 1974), 507 F.2d 428, and *Chavez v. United States* (10th Cir. 1958), 258 F.2d 816, *cert. denied* (1959), 359 U.S. 916, 3 L. Ed. 2d 577, 79 S. Ct. 592, for the proposition that when it is anticipated that government agents will testify, a *voir dire* question should be asked to determine the weight that prospective jurors would give to an agent's testimony as compared to a nonagent's testimony. He maintains that because the State's case relied upon the testimony of three police officers, the circuit court also erred in refusing to ask this question.

The purpose of *voir dire* is to assure the selection of an impartial jury. (*People v. Jackson* (1977), 69 Ill. 2d 252, 371 N.E.2d 602; *People v. Phillips* (1981), 99 Ill. App. 3d 362, 425 N.E.2d 1040; *People v. Witted* (1979), 79 Ill. App. 3d 156, 398 N.E.2d 68; *People v. Dallas* (1980), 85 Ill. App. 3d 153, 405 N.E.2d 1202, *cert. denied* (1981), 450 U.S. 1000, 68 L. Ed. 2d 202, 101 S. Ct. 1708; *People v. Washington* (1982), 104 Ill. App. 3d 386, 432 N.E.2d 1020.) Under Supreme Court Rule 234 (87 Ill. 2d R. 234), circuit courts are granted broad discretion in conducting and managing *voir dire (People v. Weinger* (1981), 101 Ill. App. 3d 857, 428 N.E.2d 924; *People v. Barnes* (1982), 107 Ill. App. 3d 262, 437 N.E.2d 848), and the decision whether to ask certain questions of prospective jurors is within this discretion (*People v. Kendricks* (1984), 121 Ill. App. 3d 442, 459 N.E.2d 1137). *Voir dire*

questioning may not be used as a means for pre-educating and indoctrinating prospective jurors as to a particular theory or defense or impanelling a jury with particular predispositions (*People v. Phillips* (1981), 99 Ill. App. 3d 362, 369), nor may the questions concern matters of law or instructions (87 Ill. 2d R. 234; *People v. Kendricks* (1984), 121 Ill. App. 3d 442, 459 N.E.2d 1137).

■■ Recently, our supreme court found reversible error in a circuit court's refusal to ask proposed *voir dire* questions concerning a defendant's presumption of innocence, the State's burden of proof, and a defendant's right not to testify in his own behalf. (*People v. Zehr* (1984), 103 Ill. 2d 472, 469 N.E.2d 1062. See also *People v. Britz* (1984), 128 Ill. App. 3d 29.) In the case at bar, the questions proposed by defendant do not fall into the categories of questions involved in *People v. Zehr* (1984), 103 Ill. 2d 472. The question which sought to discover jurors who would not be swayed by the seriousness of the cab driver's injuries improperly tended to highlight aspects of defendant's case rather than expose bias. (*People v. Nicholson* (1978), 61 Ill. App. 3d 621, 626, 377 N.E.2d 1063.) Defendant's contention that the question regarding serious physical injuries relates to his theory of self-defense is not persuasive.

■■ With respect to the question regarding weighing police testimony, in the absence of the precise question sought to be asked, this court would be required to guess or conjecture as to the phraseology and content thereof, which we decline to do. (*Augustine v. Stotts* (1963), 40 Ill. App. 2d 428, 431, 189 N.E.2d 757.) Nevertheless, the circuit court did ask prospective jurors whether they had any close friends or relatives who were involved in law enforcement and whether such a relationship would prevent them from being fair to both sides. The circuit court also instructed the jury on its role in assessing the weight of evidence and on self-defense.

The circuit court did not abuse its discretion in refusing to ask defendant's proposed *voir dire* questions. Further, defendant was not prejudiced by this refusal.

## II

Defendant also identifies error in the denial of his motion for a mistrial made after the cab driver testified to an apology made to him by defendant, contrary to the circuit court's ruling *in limine* prohibiting such reference. Defendant maintains that his conviction should be reversed and a new trial granted because the reference was incompetent evidence bolstering the driver's credibility and creating a lasting impression of defendant's guilt such that no prompt instruction could

cure the prejudice. (*People v. Curry* (1975), 25 Ill. App. 3d 637, 323 N.E.2d 778; *People v. Jenkins* (1973), 10 Ill. App. 3d 166, 294 N.E.2d 24.) We disagree.

■ The record shows that the reference to the apology was elicited during defense counsel's cross-examination in an attempt to impeach the cab driver. Albeit the remark was unresponsive to a question, it was promptly stricken, and the jury was admonished to disregard it. Under these circumstances, the incompetent evidence did not prejudice defendant's right to a fair trial. (*People v. Stacker* (1979), 77 Ill. App. 3d 302, 395 N.E.2d 997; *People v. Ruberto* (1980), 81 Ill. App. 3d 636, 401 N.E.2d 1306; *People v. Mathes* (1981), 101 Ill. App. 3d 205, 427 N.E.2d 1269.) Moreover, the apology might well have been considered an admission by defendant which would have permitted an inference of guilt of the offense charged (*People v. Burns* (1981), 99 Ill. App. 3d 42, 45, 424 N.E.2d 1298), which is admissible as an exception to the hearsay rule. (*People v. Bryant* (1976), 36 Ill. App. 3d 298, 300, 343 N.E.2d 617.) The granting of the motion *in limine* would have unnecessarily precluded the jury from considering this evidence, perhaps to the prejudice of the State's case.

## III

Lastly, defendant urges his deprivation of the jury's adequately informed consideration of his theory of self-defense because the circuit court refused to give two defense instructions to the jury. Illinois Pattern Jury Instruction, Criminal, No. 24—25.06 (2d ed. 1981) provides, in pertinent part, that force likely to cause great bodily harm or death is justified to prevent similar harm to oneself or to prevent the commission of a forcible felony. The circuit court here, however, refused defendant's request to include the "forcible felony" language and also refused to give defendant's proposed instruction defining a forcible felony. Defendant maintains that this refusal was reversible error requiring a new trial.

Where there is at least some evidence to support a self-defense theory, an instruction on that theory should be given. (*People v. Lockett* (1980), 82 Ill. 2d 546, 551, 413 N.E.2d 378; *People v. Kalpak* (1957), 10 Ill. 2d 411, 140 N.E.2d 726; *People v. Cox* (1981), 100 Ill. App. 3d 272, 426 N.E.2d 1050.) Here, a self-defense instruction was given which provided that force likely to cause death or great bodily harm is justified to prevent like injury to oneself. Defendant asserts that this instruction did not encompass his self-defense theory, namely, that he acted to prevent the commission of the forcible felonies of attempted murder and aggravated battery upon himself.

■ The offenses of attempted murder (Ill. Rev. Stat. 1983, ch. 38, pars. 8—4, 9—1) and aggravated battery (Ill. Rev. Stat. 1983, ch. 38, par. 12—4) each require a level of force which is likely to cause great bodily harm or death. When a jury determines whether a defendant acted to protect himself from great bodily harm or death, it necessarily considers the same evidence which would be involved in a determination of whether that defendant acted to prevent the commission of an attempted murder or aggravated battery upon himself. There is no logic in the suggestion that a jury which found that a defendant was not protecting himself from great bodily harm or death could find that that defendant was trying to prevent an attempted murder or aggravated battery from being committed upon himself. Defendant received the jury's informed consideration of his theory of self-defense; any error in the circuit court's refusal to give the instructions requested by defendant was harmless. *People v. Easter* (1981), 102 Ill. App. 3d 974, 982-83, 430 N.E.2d 612.

For the foregoing reasons we affirm the judgment of the circuit court of Cook County.

Affirmed.

STAMOS and PERLIN, JJ., concur.