GERALD D. CROSSMAN, Adm'r of the Estate of Robert Russell Crossman, Deceased, Plaintiff-Appellant, v. JANE A. CURLESS, Defendant-Appellee.

Fourth District   No. 4—88—0250

Opinion filed December 30, 1988.

Richard P. O'Connell, Ltd., of Quincy, and Matthew C. Mays, of Virginia, for appellant.

Jonathan H. Barnard, of Schmiedeskamp, Robertson, Neu & Mitchell, of Quincy, for appellee.

JUSTICE KNECHT delivered the opinion of the court:

On June 6, 1984, Robert Crossman was killed when the automobile he was driving collided with a car driven by the defendant, Jane Curless. The plaintiff, Gerald Crossman, brought this action in the circuit court of Pike County as administrator of the estate of Robert Crossman seeking damages under the Wrongful Death Act (Ill. Rev. Stat. 1985, ch. 70, pars. 1, 2). Prior to trial, the court granted plaintiff's motion *in limine* to preclude defendant from testifying in the presence of the jury to any conversation with the deceased or to any event which took place in the presence of the deceased in accordance with the Dead Man's Act (Ill. Rev. Stat. 1987, ch. 110, par. 8—201). By agreement of the parties, the *voir dire* examination was not reported; however, plaintiff's counsel made an objection on the record to defense counsel's reference to the Dead Man's Act during jury selection. A motion for a mistrial was made on similar grounds. The

jury returned a verdict for defendant and against plaintiff. Plaintiff's post-trial motion for a new trial was denied and plaintiff appeals. We affirm.

After the court granted plaintiff's motion *in limine*, defense counsel informed the court and opposing counsel he would be asking prospective jurors how they would feel if his client did not testify. No objections were made.

Jury selection took place without a court reporter present. After four jurors were selected, plaintiff's counsel made a recorded objection as to the form of a question defense counsel asked the four jurors. From the record it appears plaintiff's counsel would not have objected if defense counsel had merely asked the venire if they would be prejudiced against defendant if she did not testify. The objection arose when defense counsel apparently told the panel certain laws under the plaintiff's control would prevent defendant from testifying. The court overruled the objection, but ordered defense counsel to refrain from suggesting the plaintiff was in control of defendant's testimony.

To cure the possible ill effects of the questions already posed to the four impaneled jurors, defense counsel suggested the court read them the Illinois Pattern Jury Instructions, Civil, No. 5.02 (2d ed. 1971) (IPI Civil 2d), which explains why the defendant in a wrongful death case cannot testify in his own behalf. IPI Civil 2d No. 5.02 instructs that a defendant's failure to testify should not be considered either for or against him by the jury. Plaintiff's counsel agreed to such a premature reading of the instruction, but the trial declined to do so, saying "I think I'd just as soon tell them what the law is." Defense counsel agreed and plaintiff's counsel indicated "[t]hat would be fine."

The trial court's comments to the jury and the remainder of *voir dire* were not recorded and are not a part of the record on appeal. Various motions made by plaintiff's counsel after all the evidence was in and post-trial indicate the trial judge read a portion of the Dead Man's Act to only four jurors.

At the conclusion of plaintiff's evidence, defendant made a motion to allow the testimony of defendant under an exception to the Dead Man's Act. (Ill. Rev. Stat. 1987, ch. 110, par. 8—201.) Defendant argued plaintiff had "opened the door" to defendant's testimony about the accident by introducing evidence of the same. The motion was denied. Following presentation of defendant's case in chief and in the presence of the jury, defense counsel said "I have an offer of proof as to [defendant's] testimony. We're going to take that up outside the presence of the jury." In the offer of proof defendant was allowed to

testify *in camera* to a conversation with the decedent immediately prior to his death and her recollection of the circumstances surrounding the fatal accident. Defendant's motion for a directed verdict based on this evidence was denied.

Plaintiff then made a motion for a mistrial, arguing the combined effect of the improper questioning by defense counsel during *voir dire*, the partial reading by the trial judge of the Dead Man's Act to only four members of the jury, and defense counsel's repeated insinuations that his client was restrained by the plaintiff from testifying had the effect of denying plaintiff a fair trial. The motion was denied. After the jury verdict the plaintiff reiterated these arguments in his unsuccessful post-trial motion for a new trial and again presents them to this court on appeal.

Defendant initially maintains plaintiff's complaints regarding the examination of potential jurors are waived because the *voir dire* proceedings were not recorded and are not available for this court's perusal on appeal. We agree.

■ The record clearly indicates the parties agreed to waive a report of the *voir dire* examination. Therefore, the record on appeal does not contain any of the questions put to individual jurors, their answers, or the trial court's reading of the Dead Man's Act to the partially impaneled jury. Without a record of the *voir dire* examination to guide us, we cannot consider plaintiff's contention that questions put to the panel by the defense or the curative instruction by the trial judge were improper. *Augustine v. Stotts* (1963), 40 Ill. App. 2d 428, 189 N.E.2d 757; *People v. Turner* (1976), 35 Ill. App. 3d 550, 342 N.E.2d 158; *American State Bank v. County of Woodford* (1977), 55 Ill. App. 3d 123, 371 N.E.2d 232.

■ Normally any doubt arising from the incompleteness of the record will be resolved against the appellant. (*Berner v. Kielnik* (1983), 117 Ill. App. 3d 419, 453 N.E.2d 729.) Plaintiff waived his opportunity to have a court reporter present during *voir dire* examination and further failed to request the jury selection be reported when it became apparent the form of defense counsel's questions was objectionable. For lack of a record of the proceedings in dispute we must conclude the trial judge was in the best position to evaluate the propriety of the questions posed by defense counsel during *voir dire*. The court further had the opportunity to reconsider the matter when plaintiff made his motions for a mistrial and new trial. (*Augustine*, 40 Ill. App. 2d 428, 189 N.E.2d 757.) We will not substitute our judgment in this situation.

■ A party cannot complain of error he induced the court to

make (*Auton v. Logan Landfill, Inc.* (1984), 105 Ill. 2d 537, 475 N.E.2d 817), and may not now attack a procedure to which he agreed. (*Casey v. Baseden* (1986), 111 Ill. 2d 341, 490 N.E.2d 4.) In this case, plaintiff complained about defense counsel's questioning of the venire after four members of the jury were already selected. Plaintiff's objection was denied, and the trial judge indicated on the record he planned to instruct the jury on the law requiring the defendant to remain silent as to her recollection of the accident. Counsel for the plaintiff readily acquiesced without inquiring as to the content of the explanation the court was about to give. In a motion for a mistrial after all the evidence was in, and again in a post-trial motion for a new trial, plaintiff objected to the court's partial reading of the Dead Man's Act to a portion of the jury. Although we question whether the jury was enlightened by the court's reading of this complicated act, we are not sympathetic to plaintiff's after-the-fact complaint about an avoidable situation.

Plaintiff also contends it was prejudicial for defense counsel to request in the presence of the jury that the court allow defendant to make an offer of proof regarding her version of the incident. Plaintiff argues counsel's statement was part of a continued effort to convince the jury defendant was willing to testify but was prevented by plaintiff from doing so.

A careful reading of the record does not suggest defense counsel's isolated comment was an intentional attempt to indoctrinate the jury or caused prejudice to plaintiff's case. Moreover, the law required defendant to make an offer of proof in order to preserve her objection to the court's denial of her request to testify in the face of the Dead Man's Act. *Simon v. Plotkin* (1977), 50 Ill. App. 3d 603, 365 N.E.2d 1022; *Buczyna v. Cuomo & Son Cartage Co.* (1986), 146 Ill. App. 3d 404, 496 N.E.2d 1116.

From the record before us we are unable to conclude the *voir dire* examination, the trial court's preliminary instructions to the jury, or defense counsel's comments collectively or independently acted to deprive plaintiff of a fair trial. Accordingly, we affirm the judgment of the circuit court of Pike County.

Affirmed.

McCULLOUGH, P.J., and SPITZ, J., concur.