2025 IL App (2d) 240068-U
No. 2-24-0068
Order filed March 11, 2025

**NOTICE:** This order was filed under Supreme Court Rule 23(b) and is not precedent except in the limited circumstances allowed under Rule 23(e)(1).

_____

IN THE

APPELLATE COURT OF ILLINOIS

SECOND DISTRICT

_____

| | | |
|---|---|---|
| THE PEOPLE OF THE STATE OF ILLINOIS, | ) ) ) | Appeal from the Circuit Court of Kane County. |
| Plaintiff-Appellee, | ) ) | |
| v. | ) ) | No. 18-CF-875 |
| TRAVARIS D. STEVENSON, | ) ) ) | Honorable David P. Kliment, |
| Defendant-Appellant. | ) | Judge, Presiding. |

_____

JUSTICE SCHOSTOK delivered the judgment of the court.
Justices Hutchinson and Jorgensen concurred in the judgment.

**ORDER**

¶ 1    *Held*:  Defendant has failed to state the gist of a claim for ineffective assistance, as there was no arguable prejudice stemming from defense counsel's alleged failure to elicit testimony that could have supported a jury instruction that defendant had a right to use deadly force to prevent an armed robbery because such instruction would not have changed the outcome of the trial.

¶ 2    Defendant, Travaris Stevenson, appeals from the first-stage dismissal of his *pro se* postconviction petition under the Post-Conviction Hearing Act (Act) (725 ILCS 5/122-1 *et seq.* (West 2022)).  He argues that his petition stated the gist of a claim for ineffective assistance of counsel based on trial counsel's failure to elicit testimony that could have supported a self-defense

jury instruction that he had a right to use force that is likely to cause death or great bodily harm to prevent the commission of a forcible felony. We affirm.

¶ 3                                    I. BACKGROUND

¶ 4    On June 13, 2018, defendant was charged with eight counts of first-degree murder (720 ILCS 5/9-1(a)(1), (a)(2), (a)(3) (West 2016)), two counts of armed violence (*id.* § 33A-2(a)), one count of unlawful possession of cannabis with the intent to deliver (720 ILCS 550/5(d) (West 2016)), and one count of unlawful possession of cannabis (*id.* § 4(d)).

¶ 5    The evidence at trial showed that, on April 29, 2018, defendant fatally shot Mark McDaniel and Raymond Dyson in a drug deal gone wrong. He was arrested shortly after the shooting and told the police that he had traveled to the area with a friend to sell cannabis to McDaniel and Dyson, whom his friend knew. He said he did not bring a gun. According to defendant, McDaniel and Dyson tried to rob him of his money and the cannabis at gunpoint. He grabbed the gun and, during the ensuing struggle, shots were fired, killing McDaniel and Dyson.

¶ 6    At trial, defendant testified to a different version of events. In the face of evidence that his phone contained pictures of him posing with the same gun later recovered near the scene, which fired the bullets that killed McDaniel and Dyson, defendant admitted that he had brought his own gun to the drug deal for protection. He said that he did so because, although he trusted his friend, he did not trust the others. During the transaction, he was sitting in the back seat of a car, with McDaniel sitting in the driver's seat and Dyson sitting in the front passenger seat. After he showed McDaniel and Dyson the cannabis he had brought, Dyson raised a gun and pointed it in his face. They told him to give them all his money. He put his money on the console with the cannabis. Defendant felt terrified and scared that he was going to die because McDaniel was urging Dyson to shoot him and, in his experience, even if someone being robbed gave up the money or the drugs,

that person would still get shot or killed. However, Dyson momentarily lowered his gun as someone walked by near the car. Defendant seized that opportunity to pull out his own gun and shoot, hitting Dyson in the back of the head and hitting McDaniel with two shots in the back as McDaniel got out of the car. Defendant then picked up most of the cannabis and some of the money he had given up earlier, and ran.

¶ 7　　After the State rested, the trial court dismissed various counts based on a theory of felony murder, stating that the evidence showed that, despite bringing a gun, defendant did not arrive with the intent to commit violence but instead simply intended to consummate a drug deal. In the course of its ruling, the trial court commented that, "[w]hen *** defendant pulled his firearm and shot the victims, the cannabis transaction was over and *** defendant was very possibly the victim of an armed robbery."

¶ 8　　At the jury instruction conference, the defense tendered a version of Illinois Pattern Jury Instruction, Criminal, No. 24-25.06 (4th ed. 2000) (hereafter IPI 24-25.06) that stated:

　　　　"A person is justified in the use of force when and to the extent that he reasonably believes that such conduct is necessary to defend himself against the imminent use of unlawful force.

　　　　However, a person is justified in the use of force which is intended or likely to cause death or great bodily harm only if he reasonably believes that such force is necessary to:

　　　　(a) prevent imminent death or great bodily harm to himself, or

　　　　(b) prevent the commission of robbery against him."

The defense also submitted an instruction defining robbery. The State objected to that instruction and to the inclusion of the last phrase in IPI 24-25.06 (the justification based on the prevention of a robbery) on the ground that it would confuse the jurors. The trial court agreed to give the first

part of IPI 24-25.06, describing justification based on reasonable self-defense, but declined to include the reference to justification based on preventing the commission of a forcible felony, because defendant's testimony indicated that he pulled out his weapon because Dyson was threatening to shoot him, not because Dyson was robbing him.

¶ 9     The jury convicted defendant of one count of first degree murder, one count of second degree murder, and one count of armed violence. Following the denial of his motion for a new trial, the trial court sentenced defendant to 95 years' imprisonment.

¶ 10     On direct appeal, defendant argued that the trial court erred in refusing to instruct the jury that the use of deadly force could also be justified to prevent the commission of a forcible felony such as robbery. See *People v. Stevenson*, 2023 IL App (2d) 220136-U, ¶ 12. This court held that the trial court did not abuse its discretion in denying the requested instruction because, at trial, there was no evidence that defendant shot at McDaniel and Dyson to prevent himself from being robbed. *Id.* ¶ 14. Rather, defendant testified that he gave up the cannabis and the money he had arrived with, but believed he was still in danger because, in his experience, victims of robbery would be killed even if they were cooperative. *Id.* ¶ 15. In a special concurrence, one justice stated that the evidence was sufficient to support the requested instruction, but that the error was harmless because it was "patent that the jury did not believe *** defendant's version of the events that resulted in the deaths of the two victims" and there was no "reasonable probability that the additional instruction would have altered the verdict." *Id.* ¶ 22 (McLaren, J., specially concurring).

¶ 11     On November 7, 2023, defendant filed a *pro se* postconviction petition. In that petition, defendant alleged that trial counsel was ineffective in failing to elicit testimony that would have supported the jury instruction that defendant had a right to use force to prevent a robbery. Defendant alleged that he told trial counsel that he shot the victims because they were trying to

rob him and because he was afraid of being killed. Trial counsel allegedly advised him against testifying that he shot the victims because he was being robbed, and to testify only that he shot the victims because he was afraid they were going to kill him. Defendant argued that trial counsel clearly did not understand that the robbery would also have provided justification for his shooting of the victims.

¶ 12    On December 14, 2023, the trial court summarily dismissed defendant's *pro se* petition, finding that trial counsel's action was a matter of trial strategy and further that, even if the strategy was unreasonable, defendant could not establish prejudice because there was no reasonable probability that, absent the alleged error, the outcome of the trial would have been different.

¶ 13    On January 24, 2024, defendant filed an appeal from the order summarily dismissing his petition. Defendant subsequently filed a motion for leave to file a late notice of appeal. On February 16, 2024, this court denied defendant's motion and dismissed the appeal as untimely. Thereafter, our supreme court entered a supervisory order directing us to grant defendant's motion for leave to file a late notice of appeal. This court subsequently vacated our February 2024 order, and granted defendant's motion to file a late notice of appeal.

¶ 14                                II. ANALYSIS

¶ 15    On appeal, defendant contends that he stated the gist of a constitutional claim of ineffective assistance of counsel and the trial court thus erred in summarily dismissing his petition. Specifically, defendant argues that trial counsel was ineffective in advising him against testifying that he shot McDaniel and Dyson to prevent being robbed. Defendant asserts that had he been allowed to present this testimony, it would have justified a self-defense jury instruction based on the commission of a forcible felony, which could have arguably led to a different outcome at trial.

¶ 16    The Act allows a defendant to collaterally attack his conviction if it resulted from a substantial denial of his constitutional rights.  725 ILCS 5/122-1 (West 2022); *People v. Hodges*, 234 Ill. 2d 1, 9 (2009).  At the first stage of postconviction proceedings, the trial court reviews the petition independently and determines whether the petition is frivolous or patently without merit.  *People v. Wallace*, 2018 IL App (5th) 140385, ¶ 27.  In other words, the court must determine whether the petition has any arguable basis in law or fact or whether the petition relies on an indisputably meritless legal theory or fanciful legal allegations.  *People v. Knapp*, 2020 IL 124992, ¶ 45.  All well-pleaded allegations in the petition must be taken as true unless positively rebutted by the record.  *People v. Robinson*, 2020 IL 123849, ¶ 45.  Although the petition must "clearly set forth the respects in which petitioner's constitutional rights were violated" (725 ILCS 5/122-2 (West 2020)), the threshold for surviving the first stage is low (*Hodges*, 234 Ill. 2d at 9).  The defendant must set forth only the gist of a constitutional claim, which means that the petition contains "enough facts to make out a claim that is arguably constitutional."  *Id.*  If the petition states the gist of a constitutional claim, it advances to the second stage, at which point the petitioner has the right to counsel.  *Id.* at 10.  Conversely, if the trial court determines that the petition is frivolous or patently without merit, it may summarily dismiss the petition.  *Id.*  We review *de novo* an order summarily dismissing a postconviction petition.  *Id.* at 9.

¶ 17    Under *Strickland v. Washington*, 466 U.S. 668 (1984), a defendant arguing ineffective assistance of counsel must show not only that his counsel's performance was deficient but also that the defendant suffered prejudice as a result.  *People v. Houston*, 226 Ill. 2d 135, 143 (2007).  Specifically, under the two-prong *Strickland* test, "a defendant must show that (1) his counsel's performance *** fell below an objective standard of reasonableness, and (2) *** but for counsel's deficient performance, there is a reasonable probability that the result of the proceeding would

have been different." *Id.* at 144. Because a defendant must satisfy both prongs of the *Strickland* test, the failure to establish either is fatal to the claim. See *Strickland*, 466 U.S. at 687. Accordingly, if the alleged error did not result in any prejudice, we need not decide whether counsel's performance was deficient. *People v. Brooks*, 187 Ill. 2d 91, 137 (1999).

¶ 18 "The purpose of jury instructions is to provide the jury with the correct legal principles applicable to the evidence, so that the jury may reach a correct conclusion according to the law and the evidence." *People v. Bannister*, 232 Ill. 2d 52, 81 (2008). A defendant is entitled to have the jury instructed on any legally recognized defense theory as long as there is some evidence which, if believed by the jury, would support that defense. *People v. McDonald*, 2016 IL 118882, ¶ 25. "Defense theories typically provide affirmative defenses to or mitigation of the charged offenses." *People v. Davis*, 213 Ill. 2d 459, 478 (2004).

¶ 19 IPI 24-25.06 provides as follows:

"A person is justified in the use of force when and to the extent that he reasonably believes that such conduct is necessary to defend [ (himself) (another) ] against the imminent use of unlawful force.

[However, a person is justified in the use of force which is intended or likely to cause death or great bodily harm only if he reasonably believes that such force is necessary to prevent [ (imminent death or great bodily harm to [ (himself) (another) ] (the commission of _____).]"

The committee note for IPI 24-25.06 states that the blank space should be filled in with the forcible felony involved, "[w]hen applicable." See IPI Criminal 4th No. 24-25.06, Committee Note. Here, the trial court gave the entire instruction except for identifying a forcible felony.

¶ 20    IPI 24-25.06 is based on section 7-1 of the Criminal Code of 2012 (the Code) (720 ILCS 5/7-1 (West 2022)), which provides that a person is justified in using deadly force "only if he reasonably believes that such force is necessary to prevent imminent death or great bodily harm to himself or another." *Id.* Section 7-1 also provides that a person is justified in the use of deadly force only if he reasonably believes such force is necessary to prevent the commission of a forcible felony. *Id.* The definition of "forcible felony" includes robbery. *Id.* § 2-8. "A person commits robbery when he or she knowingly takes property *** from the person or presence of another by the use of force or by threatening the imminent use of force." *Id.* §18-1. A person commits armed robbery when he commits a robbery while armed with a firearm. *Id.* § 18-2.

¶ 21    In the present case, we affirm the summary dismissal of defendant's petition because he was not prejudiced by the failure to give the forcible felony portion of IPI 24-25.06 and thus cannot establish any arguable ineffective assistance of counsel. *Strickland*, 466 U.S. at 687. Courts have consistently rejected similar arguments that the failure to give the forcible felony portion of the self-defense jury instruction was prejudicial where the jury was given the general self-defense portion of the instruction and it fully considered the defendant's theory of self-defense. For example, in *People v. Easter*, 102 Ill. App. 3d 974, 982 (1981), the defendant, who was convicted of voluntary manslaughter and armed violence, testified that she shot the victim because he was in the process of committing a battery against her. On direct appeal, she argued that the trial court erred in giving only the self-defense jury instruction related to imminent death or great bodily harm but not giving the portion related to the commission of a forcible felony. *Id.* at 983. The reviewing court acknowledged that the forcible felony portion of the self-defense jury instruction should have been given at trial, but nonetheless concluded that there was no reversible error. Specifically, the reviewing court held:

"The evidence relied on by defendant to support her contention that the omitted language should have been included is essentially the same as that on which the jury must have relied in determining that defendant was guilty of voluntary manslaughter. The jury's verdict necessarily reflects the jury's determination that defendant's belief that the use of deadly force was necessary to protect herself from imminent death or great bodily harm was unreasonable. In view of this determination, it is untenable to suggest that the jury would have found that defendant's use of deadly force when faced with a battery while on a public way was reasonable." *Id.*

¶ 22    Since *Easter*, courts have consistently reaffirmed that, when the evidence to be considered was the same and the defendant received the jury's informed consideration of his theory of self-defense, the failure to give the forcible felony portion of the self-defense jury instruction was harmless error. See *People v. Chamness*, 129 Ill. App. 3d 871, 876 (1984) ("There is no logic in the suggestion that a jury which found that a defendant was not protecting himself from great bodily harm or death could find that defendant was trying to prevent an attempted murder or aggravated battery from being committed upon himself."); see also *People v. Maggio*, 2017 IL App (4th) 150287, ¶¶31-33 (same for forcible felony offense of aggravated battery or aggravated discharge of a firearm); *People v. Jackson*, 304 Ill. App. 3d 883, 891-92 (1999) (same for forcible felony offense of criminal sexual assault); *People v. Flores*, 282 Ill. App. 3d 861, 862 (1996) (same for forcible felony offense of aggravated battery on a public way); and *People v. Wilburn*, 263 Ill. App. 3d 170, 177-78 (1994) (same for forcible felony offense of aggravated battery based on the use of a deadly weapon).

¶ 23    In the present case, the jury was instructed that defendant could be justified in using force likely to cause death or great bodily harm if such force was necessary to protect himself from

imminent death or great bodily harm. In closing argument, defense counsel argued that the victims intended to rob and kill defendant and that defendant killed the victims because he believed that even after the robbery was over, he would still be killed. Under these circumstances, as the jury determined that defendant was not justified in shooting the victims because he feared for his life, it necessarily rejected any argument that defendant acted reasonably in defending himself against an armed robbery. Moreover, as the jury found defendant guilty of the second degree murder of Dyson, it clearly determined that the use of deadly force was unreasonable. *People v. Romero*, 387 Ill. App. 3d 954, 964 (2008) (a person commits second degree murder when he commits first degree murder but at the time of the killing he has an unreasonable belief that there are circumstances justifying the use of deadly force). Thus, as defendant received the jury's informed consideration of his theory of self-defense, the failure to give the forcible felony component of IPI 24-25.06 was, at most, harmless error.

¶ 24    Defendant argues that *Easter* and the cases which followed are not applicable because the forcible felony at issue in the majority of those cases was aggravated battery, which, by definition, involved a level of force likely to cause death or great bodily harm. Defendant further reasons that, because robbery does not require a level of force likely to cause death or great bodily harm, instructing the jury on defendant's ability to use force to prevent a robbery does not involve the same question as whether defendant was justified in using force to prevent death or great bodily harm resulting from an aggravated battery.

¶ 25    This argument is unpersuasive. There have been cases involving robbery where the failure to give the forcible felony portion of the self-defense jury instruction was held to be harmless error. See *People v. Ramirez*, 2020 IL App (2d) 170911-U, ¶ 38; *People v. Dow*, 2017 IL App (1st)

141777-U, ¶ 30.[1]  Moreover, it is well settled that the use of deadly force in self-defense is only justified if the defendant uses no more force than he reasonably believes is necessary to avert the danger.  See *People v. Washington*, 2012 IL 110283, ¶ 35.  Accordingly, defendant was justified in using deadly force to prevent the armed robbery only if he reasonably believed he was in danger of death or great bodily harm.  See *People v. Flores*, 282 Ill. App. 3d 861, 866 (1996) (holding that deadly force is necessary to prevent a battery on a public way only when the defendant reasonably believes he is in danger of death or great bodily harm; to hold otherwise would lead to absurd results); see also *People v. Harmon*, 2015 IL App (1st) 122345, ¶ 74 (the forcible felony statute (720 ILCS 5/2-8 (West 2022)) must be interpreted in the context of the justified use of deadly force in defense of a person provision (*id.* § 7-1(a))).  Here, the forcible felony was armed robbery, with Dyson pointing a gun at defendant and telling him to turn over all his money.  The jury was instructed that deadly force was justified if defendant reasonably believed he was in danger of death or great bodily harm.  However, the jury rejected that contention.  Thus, it is illogical to suggest that the jury could have concluded that defendant's actions were justified to prevent the commission of the armed robbery.  Defendant has thus failed to establish any arguable prejudice.

¶ 26    Defendant argues that the present case is similar to *People v. Milton*, 72 Ill. App. 3d 1042, 1049 (1979), in which the reviewing court held that the trial court committed reversible error by failing to give the portion of IPI 24-25.06 regarding the use of justifiable deadly force to prevent

---

[1]Even though these decisions were unpublished, we may still consider them as persuasive authority. See Illinois Supreme Court Rule 23(e)(1) (eff. Feb. 1, 2023) ("a nonprecedential order entered under subpart (b) of this rule on or after January 1, 2021, may be cited for persuasive purposes."); *People v. Ingram*, 2020 IL App (2d) 180343, ¶ 21, n. 1 (considering unpublished orders entered before January 1, 2021, as persuasive authority).

a robbery. In *Milton*, three witnesses testified that the two victims, Johnson and Wilson, were shot while attempting to rob the defendant, who had won at cards throughout the evening. According to them, Johnson had been arguing with the defendant, saying that the defendant had to give him the winnings. *Id.* at 1046-47. The defendant refused. Johnson and Wilson began struggling with the defendant, trying to reach his money. Johnson had a gun, which he brought out during the struggle. The defendant was trying to hold Johnson's hands while Wilson tried to go into the defendant's pocket. The gun discharged three times, leaving Johnson dead and Wilson injured. *Id.* The reviewing court held that there was sufficient evidence to warrant instructing the jury on the use of deadly force to prevent a robbery. *Id.* at 1047.

¶ 27    *Milton* is distinguishable on its facts and thus does not support reversal here. In *Milton*, the shooting occurred during a struggle and the jury could have concluded that the defendant was solely resisting a robbery at the time the gun discharged. Here, by contrast, the shooting did not occur during a struggle and defendant had already surrendered the cannabis and his money. On these facts, there is no possibility that the jury could have found that defendant believed deadly force was needed to resist the armed robbery but not to prevent death or great bodily harm.

¶ 28    Defendant argues that a determination in this case, that the alleged error was harmless, would conflict with this court's reasoning on direct appeal. Defendant notes that, on direct appeal, both the majority and the special concurrence focused extensively on the evidence presented at trial to determine whether the forcible felony portion of IPI 24-25.06 should have been given and argues that this would have been unnecessary if there was harmless error. This argument is without merit as the question on direct appeal was different from the one presented in this case. On direct appeal, the issue was whether the trial court erred in failing to give the forcible felony portion of IPI 24-25.06. Since the majority of this court concluded that the jury instruction was not

warranted, there was no need to address the issue of harmless error. In the present appeal, the issue is whether trial counsel was ineffective for failing to elicit testimony that would have supported the forcible felony portion of the self-defense jury instruction. To determine whether defendant has stated an arguable claim of ineffective assistance of counsel, we must address the issue of prejudice and, by extension, harmless error. See *People v. Arna*, 263 Ill. App. 3d 578, 587 (1994).

¶ 29                                        III. CONCLUSION

¶ 30    For the reasons stated, we affirm the judgment of the circuit court of Kane County.

¶ 31    Affirmed.